PEOPLE v. BENBERRY

1. CRIMINAL LAW—EVIDENCE—ADMITTED DOCUMENTS—TRANSMITTAL TO JURY ROOM.

Papers and documents admitted into evidence may be taken, by court permission, into the jury room; consequently, the trial court did not err in granting deliberating jurors' request that they be given a written copy of defendant's admitted oral statement regarding the victim's fatal shooting even though neither the judge nor defense counsel read the statement which the prosecutor gave to the jury foreman, and defendant's claim that the prosecutor gave to the jury foreman a copy of defendant's excluded admission that he was a narcotics user instead of the admitted statement regarding the shooting, not being substantiated by the record, would not be reviewed on appeal because defendant failed to raise that issue in the trial court by neither moving for a new trial nor by requesting an evidentiary hearing on the document given to the jury.

2. CRIMINAL LAW — EVIDENCE — APPEAL AND ERROR — PRESERVING QUESTION.

Introduction of allegedly prejudicial narcotics testimony in defendant's second-degree murder trial was not properly before

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 5 Am Jur 2d, Appeal and Error § 545.
[3] 5 Am Jur 2d, Appeal and Error §§ 797, 798.
[5] 40 Am Jur 2d, Homicide § 526.

the Court of Appeals for review where defense counsel although he objected to a witness being asked whether he knew if defendant used narcotics and was sustained, failed to object when that same question was asked as to other persons involved.

3. CRIMINAL LAW—EVIDENCE—PREJUDICIAL QUESTIONS—MISTRIAL.

Denial of a mistrial in defendant's murder prosecution because the prosecutor asked a witness if he knew whether defendant used narcotics was not error where the witness answered "No" to the question.

4. HOMICIDE—SECOND-DEGREE MURDER—DUTY TO RETREAT—DWELLING HOUSE OF ANOTHER—INSTRUCTIONS TO JURY.

Trial court did not err in failing to instruct the jury on defendant's duty to retreat or not to retreat in the dwelling house of another which was critical to defendant's contention that he acted in self-defense when he fatally shot the victim, where the court adequately instructed the jury on the crime of second-degree murder, on justifiable and excusable killing, on self-defense, and on the duty to retreat, and, absent any plain error in those instructions, no issue was presented for review inasmuch as defense counsel expressed satisfaction with the instructions given and failed to object or to request further instructions.

5. HOMICIDE—SECOND-DEGREE MURDER—EVIDENCE—SUFFICIENCY.

Denial of a directed verdict for defendant, charged with second-degree murder, was proper where the homicide was established and the only disputed issue involved the nature of the crime and whether it was excusable or justifiable; under these circumstances a refusal to have submitted that issue to the jury would have resulted in usurping the jury's function.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 April 14, 1970, at Detroit. (Docket No. 7,330.) Decided May 28, 1970. Leave to appeal denied July 31, 1970. 383 Mich 813.

Lawrence Benberry was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Perry W. Lewis,* for defendant on appeal.

Before: T. M. Burns, P. J., and Levin and Davidson,* JJ.

T. M. Burns, P. J. On August 25, 1967, defendant called the Detroit police. He told them that he had shot and killed a Mr. Bennie McCormick by mistake. The defendant stated that while he was visiting at the flat of a Mr. Edward Prince, he heard footsteps on the back stairs. The defendant said that he thought a burglar might be trying to break in, as the flat was on the second floor and since it was about 5 a.m. He further stated that with that in mind, he mistakenly shot and killed his friend, Bennie McCormick, as he opened the apartment door.

Defendant was taken to police headquarters. After being advised as to his rights, he made a statement.

Preliminary examination was held on September 5, 1967, and defendant was bound over to Recorder's Court for trial on a charge of murder in the second degree. MCLA § 750.317 (Stat Ann 1954 Rev § 28-.549). Defendant was found guilty by a jury on April 15, 1968, and was sentenced to serve from 8 to 20 years in prison.

On appeal, defendant seeks to raise five issues for our consideration.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Did the lower court fail to properly supervise the procedure whereby a written statement was taken into the jury room?*

Defendant's signed and sworn affidavit states that the jury foreman came out of the jury trial room and requested a written copy of defendant's oral admissions. The court granted the request and the prosecutor handed the foreman a written statement. This statement was not read by either the judge or defense counsel. The defendant asserts that there is no assurance that the paper given the foreman was his statement about the shooting which had been admitted into evidence. He says it could have been a written copy of his oral admission relating to the use of narcotics which was present in the court room but had not been admitted into evidence because of its prejudicial nature. Therefore, defendant contends he was denied the right to be confronted by his accusers and due process of law.

There is nothing in the trial transcript to substantiate defendant's contention that the unadmitted admission concerning the use of narcotics was given to the jury. Defendant by his affidavit only says that the admission concerning narcotics might have been the document sent into the jury, not that it was the document. It is within the discretion of the trial court in a criminal case to permit papers and documents to be taken to the jury room for consideration of the jury. *People* v. *De Frenn* (1929), 247 Mich 698; *People* v. *La Londe* (1917), 197 Mich 76. However, it would have been error to permit a jury to take with them, during deliberation, matter which was not admitted into evidence. *People* v. *Krueger* (1968), 99 Ill App 2d 431 (241 NE2d 707). This claim, however, was advanced for the first time on appeal. It has not been the subject of a motion

for new trial, and the defendant never sought an evidentiary hearing on this issue.

Therefore, since there is nothing in the record to support defendant's speculations as to the possibility that the document which was given the jury was anything other than what the judge directed to be given to it, there is nothing before us to review for possible error.

*Was the introduction of narcotics testimony, in the course of the trial proceedings, prejudicial to the defendant?*

The defendant contends that the introduction of evidence concerning the use of narcotics by the prosecutor was so prejudicial that it denied him a fair and impartial trial. The trial judge ruled that the portions of defendant's statement relating to narcotics was not to be read into evidence. However, the prosecution did ask questions about narcotics and thereby, according to defendant, denied him a fair trial.

Defense counsel's objection was sustained, however, when Mr. Prince was asked if he knew whether defendant used narcotics. Counsel did not object when the same question was asked as to other parties involved. It is the duty of the defense to make timely objections so that the questions may be preserved for appeal. *People* v. *Dodson* (1967), 9 Mich App 123. Since timely objection to this line of questioning was not made, the question is not properly before us.

*Did the lower court err when it failed to rule on the defendant's motion for a mistrial?*

The defendant argues that the trial judge was under a duty to rule on his motion for a mistrial when allegedly prejudicial testimony concerning narcotics was introduced into the jury trial proceedings. The defendant further urges that the effect of the

failure to rule on a motion has been held to be equivalent to an adverse ruling and was therefore, renewable on appeal. *People* v. *Sartori* (1912), 168 Mich 308.

We are unpersuaded by the people's argument that the defendant did not put his objection to the testimony in the form of a motion. However, a review of the situation in context convinces us that the trial judge did not abuse his discretion in denying a mistrial under the circumstance that the question put to Prince regarding Benberry's use of narcotics was answered in the negative by Prince. The sequence was:

"*Q.* Do you know whether Lawrence Benberry used narcotics?

"*Mr. Long* [*defendant's counsel*]: All right, now, I'm going to object to that.

"*A.* No, sir.

"*The Court:* The objection is sustained.

"*Mr. Long:* I think it ought to be declared a mistrial. That's the most prejudicial thing I have ever heard.

"*The Court:* Well, there's been no answer to it. The jury will disregard the question. There is no evidence here that Mr. Benberry is involved in narcotics. The jury should disregard it."

If the answer had been, "Yes, Benberry was a narcotics user", a different question might be presented.

Under this circumstance presented to us here, the trial judge did not err in failing to declare a mistrial.

*Did the lower court err when it failed to properly instruct the jury on the issue of the duty to retreat while in the dwelling of another?*

The defendant asserts that the lower court erred by failing to instruct the jury on the issue of the duty to retreat or not to retreat while in the dwelling house of another, which was critical to his con-

tention that he acted in self-defense. He argues that since he was dwelling in the kitchen of the flat for the night, he was under no duty to retreat.

Having reviewed the instructions given, we consider that the court adequately instructed the jury in respect to the crime involved, including instructions on justifiable and excusable killing, self-defense and retreat. At the time, defense counsel stated that he was satisfied with the instructions that were given. Since he failed to object or request further instructions, defendant cannot object for the first time on appeal in the absence of plain error. See *People* v. *Guillett* (1955), 342 Mich 1, 7, 8; *People* v. *Liggett* (1967), 378 Mich 706, 714; *People* v. *Oberstaedt* (1964), 372 Mich 521, 526; see also 2 *Honigman & Hawkins, Michigan Court Rules Annotated* (2d ed), p 566.

*Did the lower court properly deny the defendant's motion for a directed verdict, in the course of the trial proceedings?*

The defendant asserts that his motion for a directed verdict was improperly denied because the prosecution failed to sustain its burden of proof. The prosecution, according to the defendant, failed to introduce any evidence concerning malice aforethought which is an essential element of second-degree murder. *People* v. *Potter* (1858), 5 Mich 1.

A review of the facts show that there was sufficient evidence before the court to submit the issues of fact to the jury. Materially, the fact of the crime had been established and the fact that defendant had killed McCormick was not in dispute. The disputed issue was the nature of the crime or whether it was excused or justified. The trial magistrate was duty-bound to submit the issue to the jury under the circumstances, and a refusal to do so would have re-

sulted in usurping the function of the jury. *People
v. Hancock* (1950), 326 Mich 471.

It has long been the rule in Michigan that:

"The sufficiency of the evidence is exclusively for
the jury. It is only where there is no evidence, upon
a material point, that the court can take the case
from the jury." *People v. Eaton* (1886), 59 Mich
559; *People v. Abernathy* (1931), 253 Mich 583.

A review of the facts shows sufficient evidence, if
believed, to find defendant guilty beyond a reason-
able doubt. The presence of malice requires an in-
tent to cause the harm that results or some harm of
the same general nature, or an act done in wanton
or willful disregard of the plain and strong likeli-
hood that some such harm will result. *People v.
Hansen* (1962), 368 Mich 344. It also requires the
absence of justification, excuse, or recognized miti-
gation. Such matters are questions of fact for the
jury to determine.

Finding no reversible error, we affirm.

Affirmed.       .

All concurred.