N.W.2d 391, for a detailed recitation of the facts and issues.

District Judge Lawrence Gubow denied the writ and dismissed the petition. We agree with the District Court that Benberry's contentions are directed at alleged errors in his trial in the State court that present no grounds for habeas corpus relief. There is no showing that he was deprived of a fair trial or due process.

Affirmed.

Lawrence BENBERRY, Petitioner-Appellant,

v.

Perry W. JOHNSON, Warden, Respondent-Appellee.

No. 71-1740.

United States Court of Appeals, Sixth Circuit.

March 16, 1972.

Robert W. O'CONNELL, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 29984.

United States Court of Appeals, Fifth Circuit.

March 14, 1972.

Lawrence Benberry, in pro. per.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Stewart H. Freeman, Asst. Sol. Gen., Lansing, Mich., for respondent-appellee.

Before PHILLIPS, Chief Judge, and WEICK and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of an application for a writ of habeas corpus.

Benberry was tried before a jury in the Detroit Recorder's Court and was convicted of second degree murder. Reference is made to the published opinion of the Michigan Court of Appeals, People v. Benberry, 24 Mich.App. 188, 180

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

The judgment below is affirmed.[1] See Local Rule 21.[2]

1. In his motion filed pursuant to 28 U.S.C. § 2255, appellant has alleged that his guilty plea was coerced by the eleven-month delay between his indictment and his arraignment, and consequently was denied the opportunity of having his federal sentence run concurrently with a state sentence imposed prior to his indictment.

2. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.