## PEOPLE v LONGUEMIRE

1. CRIMINAL LAW—TRIAL—CONDUCT OF OWN DEFENSE—REQUIRE-
   MENTS—CONSTITUTIONAL LAW—STATUTES.

   The right of self-representation secured by both constitution and
   statute does not guarantee an absolute right to proceed to trial
   without counsel: three requirements must be met before a
   defendant can be allowed to proceed as his own attorney (1) the
   request must be unequivocal, (2) the request must be asserted
   knowingly, intelligently and voluntarily, and (3) the trial court
   must determine that the defendant acting as his own counsel
   will not unduly disrupt, incovenience or burden the trial court;
   the fact that the defendant is not technically adequate to
   present his own defense is not decisive (US Const, Am VI,
   Const 1963, art 1, § 13. MCLA 763.1; MSA 28.854).

2. CRIMINAL LAW—TRIAL—CONDUCT OF OWN DEFENSE.

   A criminal defendant is not precluded from asserting his right of
   self-representation once his trial has begun.

3. APPEAL AND ERROR—CRIMINAL LAW—EVIDENCE—PRIOR CRIMINAL
   RECORD—PRIOR GUILTY PLEAS—PREVIOUS CASES.

   It was not reversible error to allow a jury to hear evidence
   concerning a defendant's prior criminal record and the circum-
   stances of his guilty plea in a previous case where the defend-
   ant initiated the inquiry into these areas by his unsolicited
   accusation on cross-examination that the prosecutor had forced
   him to plead guilty in the prior felony conviction, and where
   defense counsel stipulated to the introduction of the previous
   trial's transcript.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 310,311.
   Right of defendant in criminal case to conduct defense in person, or
   to participate with counsel. 77 ALR2d 1233.
[3] 29 Am Jur 2d, Evidence §§ 321, 333, 764.
[3, 4] 81 Am Jur 2d, Witnesses §§ 524, 525.
[4] 81 Am Jur 2d, Witnesses § 536.
[5] 50 Am Jur 2d, Larceny §§ 44, 49, 139.

4. Witnesses—Criminal Law—Cross-Examination—Inconsistent Conduct.

    It is not improper to question a criminal defendant on cross-examination as to conduct on his part which was inconsistent with what would have been probable had his testimony on direct examination been true.

5. Criminal Law—Double Punishment—Included Offenses—Separate Convictions.

    A conviction for larceny of property in excess of $100, where the larceny of that property occurred in a building, necessarily includes the crime of larceny in a building; the same conduct violated both laws, and a defendant can not be twice punished for that.same offense.

Appeal from Bay, John X. Theiler, J. Submitted June 6, 1977, at Lansing. (Docket No. 28627.) Decided July 18, 1977.

John E. Longuemire was. convicted of breaking and entering an occupied dwelling with intent to commit a felony or larceny therein, larceny of property valued in excess of $100, and larceny in a building. Defendant appeals. Affirmed, with the conviction and sentence on the charge of larceny in a building vacated.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*Isackson and Neering, P. C.* (by *Frank M. Quinn),* for defendant.

Before: Danhof, C. J., and T. M. Burns and A. E. Keyes,* JJ.

Danhof, C. J. Defendant was convicted by a circuit court jury on February 25, 1976 of one count of breaking and entering an occupied dwell-

* Circuit judge, sitting on the Court of Appeals by assignment.

ing with intent to commit a felony or larceny therein in violation of MCLA 750.110; MSA 28.305, one count of larceny of property valued in excess of $100 in violation of MCLA 750.356; MSA 28.588, and one count of larceny in a building contrary to MLCA 750.360; MSA 28.592. Defendant appeals as of right.

I

On the day that this trial began the defendant requested that his court-appointed attorney, a public defender, be replaced with a different counsel. The trial court decided that since no valid reasons existed for the change and since the trial had already begun the request would be denied. Subsequently the court decided to allow the defendant to act as his own counsel. The following day at defendant's request the public defender was reinstated as defense counsel. After the verdict of guilty was returned the defendant again discharged the public defender and sought to act as his own counsel. On appeal defendant contends that the trial court erred in allowing him to act as his own attorney without following the proper procedural requirements. Defendant further contends that the subsequent reinstatement and discharge of the public defender as defense counsel was reversible error.

In *Faretta v California,* 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975), the United States Supreme Court held that a criminal defendant has a Sixth Amendment right to conduct his own defense. This right is also provided for in Michigan by Const 1963, art 1, § 13 and MCLA 763.1; MSA 28.854. In *People v Anderson,* 398 Mich 361, 366; 247 NW2d 857 (1976), the Court pointed out that this is not an absolute right and set out three

requirements that must be met before a defendant can be allowed to proceed as his own attorney. The request must be unequivocal. The request must be asserted knowingly, intelligently and voluntarily. The trial court must determine that the defendant acting as his own counsel will not unduly disrupt, inconvenience or burden the trial court.

An extended colloquy followed defendant Longuemire's request for appointment of new counsel. We set out some pertinent segments of the record:

"THE COURT: What is your wish, Mr. Longuemire, that you want to go on to be your own attorney or do you want an attorney?

"DEFENDANT LONGUEMIRE: I'd like to have an attorney, if you don't want to give me an attorney, I won't have no other choice but to be my own.

"THE COURT: You have an attorney.

"DEFENDANT LONGUEMIRE: I don't want this attorney. I don't have any confidence in him.

\* \* \*

"THE COURT: All right. Are you asking then, if I don't give you a different attorney than Mr. Orford, were you asking to be your own attorney?

"DEFENDANT LONGUEMIRE: I'm not asking to be my own attorney, no, but if I don't have any other choice, then I got to be. I mean, I only got a tenth grade education, but I don't want him to defend me.

\* \* \*

"THE COURT: I already indicated that you have an attorney, Mr. Orford, and under the circumstances, your request that he be replaced is in our opinion, not justifiable and so there will not be an attempt to further you any attorney other than Mr. Orford at this time.

"DEFENDANT LONGUEMIRE: Well, I've got to defend myself then.

"THE COURT: If you wish to proceed on that basis, you have a right to do so.

\* \* \*

"DEFENDANT LONGUEMIRE: Well, okay. As it is right now, he can get up there and say anything. I wouldn't know whether to object to it or not, you know. Like I don't know enough about the law to compete against that man in the trial.

"THE COURT: I know that. That's well that you recognize that in making your decision to proceed without Mr. Orford and arguing as your own attorney.

"DEFENDANT LONGUEMIRE: I was forced into that.

"THE COURT: If you wish to have Mr. Orford represent you, you may.

"DEFENDANT LONGUEMIRE: No, I don't.

* * *

"THE COURT: We'll determine that he is knowingly waiving the right to a jury.

"DEFENDANT LONGUEMIRE: To a what?

"THE COURT: I'm sorry. You are knowingly waiving the right to an attorney. He is electing to proceed as his own attorney.

"Obviously his ability to be an attorney is, to say the least, limited. We find that he is cognizant of that fact of the limitations and the dangers and that it is inherent in that approach without us conducting a law school to explain all the difficulties. I am sure Mr. Longuemire realizes the seriousness of what he is doing and he has stated time and again that he is objecting to us not furnishing him another attorney and we are cognizant of that, and have it in mind in ruling that we will proceed; but I don't believe that he has a right to force the Court to grant an adjournment when he raises that issue after trial is started without some showing of something that has occurred that requires the Court to relieve the attorney in the case."

While acting as his own attorney the defendant conferred with the public defender whom the trial court had kept available. The prosecution called and directly examined one witness who was cross-

examined by the defendant. When the trial resumed the next day the public defender was reinstated as defense counsel at defendant's request. The record does show that the defendant was not technically adequate to present his own defense. That, however, is not the decisive fact for as the Court pointed out in *Faretta, supra,* at 834:

"It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts.

* * *

"The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.' "

We find that the requirements set out in *People v Anderson, supra,* were met here. (1) While the defendant may have been unhappy with all of the alternatives available to him on the day his trial began, his choice to represent himself rather than accept the public defender was unequivocal and unconditional. We note that the trial court granted two requests by the defendant for recesses to allow him to prepare. (2) The trial court made defendant aware and the record shows that the defendant was acutely aware of the dangers and disabilities of proceeding as his own attorney. His choice was an undesired one in the sense that he would have preferred not to proceed with the trial at all, but faced with the alternatives available to him his decision to proceed as his own attorney was a voluntary choice made with his eyes wide

open. The record does not contradict the trial court's determination that the defendant asserted his right of self-representation knowingly, intelligently and voluntarily. This finding is also supported by defendant's history of personal involvement with the criminal justice system. *Johnson v Zerbst,* 304 US 458; 58 S Ct 1019; 82 L Ed 1461 (1938). (3) It does not appear that the trial court was unduly inconvenienced, burdened or disrupted by defendant's *pro se* representation.

Defendant further argues that the "flip-flop" in a jury trial from counsel to no counsel, to counsel to no counsel, created a confusing situation which requires reversal. In *People v Anderson, supra,* at 368, the Court declined to establish a rule that would preclude the assertion of the right of self-representation once trial had begun. In this case the defendant was not prejudiced by the trial court's reinstatement of the public defender as counsel on the second day of the trial. Defendant did not suffer any trial prejudice from the discharge of the public defender after the jury verdict was returned. Therefore, we find no reversible error in the series of changes involved here.

## II

Defendant also contends that the trial court erred in allowing the jury to hear evidence concerning defendant's prior criminal record and the circumstances of a prior guilty plea. The record shows that it was the defendant who initiated the inquiry into these areas by an unsolicited accusation on cross-examination that the prosecutor had forced the defendant to plead guilty in a prior felony conviction. In defendant's brief he asserts that, "In rebuttal over objection (808), the prosecutor was allowed to introduce a portion of the

transcript of the previous case regarding the taking of the guilty plea (812)." The record, however, clearly shows that the defense counsel stipulated to the introduction of the transcript. Under the circumstances the prosecutor's questioning was sufficiently limited by the trial court so that no reversible error occurred. See *People v Hooper,* 50 Mich App 186, 200; 212 NW2d 786 (1973).

## III

Defendant further assigns as error the fact that the prosecutor was allowed to question the defendant as to his subsequent criminal activity with his alleged accomplice. The prosecution's questions on cross-examination where a proper attempt to show conduct which was inconsistent with what would have been probable had the testimony on direct examination been true. *People v Histed,* 56 Mich App 630, 635; 224 NW2d 721 (1974).

## IV

We find that the defendant's other assertions of error lack merit and require no discussion. We take notice *sua sponte,* however, that on the facts of this case the conviction for larceny of property in excess of $100 necessarily included the crime of larceny in a building. The same conduct violated both laws. The defendant cannot be twice punished for the same offense. *People v Martin,* 398 Mich 303, 309; 247 NW2d 303 (1976). We, therefore, vacate defendant's conviction and sentence on the charge of larceny from a building in violation of MCLA 750.360; MSA 28.592.

Affirmed as modified.