PEOPLE v WRIGHT

OPINION OF THE COURT

1. HOMICIDE—FELONY MURDER—COMMON LAW—STATUTES.

A common-law felony murder doctrine is not in effect in Michigan, even in modified form, and such a doctrine has not been adopted here by statute.

2. HOMICIDE—MALICE—INFERENCES—JURY QUESTION.

The presence or absence of malice in a felony murder trial may be inferred from the nature of the underlying felony and the circumstances surrounding its commission, but it is still a question for jury determination.

3. HOMICIDE—FELONY MURDER—ELEMENTS—STATUTES.

The prosecution in order to prove felony murder must establish: (1) a homicide; (2) that the homicide is murder; and (3) that the murder occurred in the perpetration or attempt to perpetrate one of the felonies enumerated in the statute (MCLA 750.316; MSA 28.548).

4. HOMICIDE—SECOND-DEGREE MURDER—FIRST-DEGREE MURDER—FELONY MURDER—STATUTES—INCLUDED OFFENSES.

Second-degree murder is always a lesser included offense of first-degree murder; first-degree murder is second-degree murder *plus* the element of premeditation or the element of perpetration or attempt to perpetrate a felony enumerated in the statute (MCLA 750.316; MSA 28.548).

5. HOMICIDE—FIRST-DEGREE MURDER—FELONY MURDER—SECOND-DEGREE MURDER—ELEMENTS—MALICE.

First-degree felony murder is murder in the second degree plus the element of perpetration of an enumerated felony; the law

REFERENCES FOR POINTS IN HEADNOTES

[1–6] 40 Am Jur 2d, Homicide § 72.

[2] 40 Am Jur 2d, Homicide §§ 72, 472.

[3] 40 Am Jur 2d, Homicide §§ 72, 246, 247.

[4, 5] 40 Am Jur 2d, Homicide §§ 7, 44, 45, 53, 72.

[6] 40 Am Jur 2d, Homicide § 269.

may not impute the malice necessary to a conviction of second-degree murder, and it therefore accordingly may not impute the malice requisite to a conviction of first-degree felony murder.

Dissent by J. H. Gillis, J.

6. Homicide—Felony Murder—Malice—Statutes.

*A killing which results from the commission of a felony enumerated in the first-degree murder statute constitutes common-law murder and the statute elevates the killing to first-degree murder; the malice element necessary for a conviction of murder is implied under the statute from the perpetration of the initial felony and need not be proved (MCLA 750.316; MSA 28.548).*

Appeal from Washtenaw, Edward D. Deake, J. Submitted October 4, 1977, at Lansing. (Docket No. 28298.) Decided December 5, 1977. Limited leave to appeal granted, 402 Mich —.

Jesse Wright was convicted of two counts of first-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*Matuszak & Stillwagon,* for defendant on appeal.

Before: D. C. Riley, P. J., and J. H. Gillis and R. M. Maher, JJ.

Per Curiam. On March 10, 1976, defendant was convicted by a jury of two counts of first-degree felony murder under MCLA 750.316; MSA 28.548 for allegedly intentionally setting fire to a dwelling in Ypsilanti, Michigan, which resulted in the deaths of Odel Barnes and Joe Thomas. On March 25, 1976, defendant was sentenced to life imprison-

ment. He appeals as of right. The prosecution has filed a motion to affirm defendant's conviction.

Defendant's sole contention on appeal is that in instructing the jury on the crime of first-degree felony murder the trial court committed reversible error by imputing malice to the killing as a matter of law from the intent to commit the underlying felony. The trial judge instructed the jury as follows:

"Defendant is charged with a crime of murder in the first degree. The law insofar as it applies to the case states that all murder which shall be committed during and as a result of the committing or attempting to commit arson shall be murder in the first degree. The defendant pleads not guilty to this charge. To establish this charge the People must prove each of the following elements beyond a reasonable doubt: first, that Joe Thomas and Odel Barnes died on or about October 3rd, 1975; second, that the death was caused by the defendant or that occurred as the direct result of the commission of the crime of arson, that is that Joe Thomas and Odel Barnes died as a result of an arson of the dwelling at 420 South Washington, Ypsilanti, Michigan; third, that at the time of the burning which caused the death of Joe Thomas and Odel Barnes the defendant consciously intended to commit the crime of arson; fourth, that at the time of the burning which cause the death of Joe Thomas and Odel Barnes, defendant was committing the crime of arson.

\* \* \*

"For murder of the first degree there must be proof beyond a reasonable doubt that the killing occurred as a result of the crime of arson and that the defendant was at the time engaged in committing, or attempting to commit, or was aiding another in the commission of that crime."

The trial judge then instructed the jury on the lesser included offenses of first-degree murder, *i.e.,*

second-degree murder and involuntary manslaughter.

After some deliberation, the jury communicated with the judge. One member of the jury asked if the conviction of arson implies conviction of murder in the first degree exclusively or if one can also be convicted of arson in connection with second-degree murder or involuntary manslaughter. In response, the trial judge reinstructed the jury on the charged offense of murder in the first degree and upon the lesser included offenses. These instructions were identical to the original instructions given on the same points.

Defendant argues that the instruction upon first-degree murder was erroneous because the trial judge omitted the essential element of malice from the charge by instructing the jury that it could return a verdict of first-degree murder if it was found that the victims were killed during the perpetration of the crime of arson by defendant. The prosecution does not contend that the charge did contain an instruction on malice nor that the jury was permitted to consider what the prosecution acknowledges is an essential element of first-degree murder. Rather, it contends that the essential element is supplied by the underlying felony, that malice may be imputed to the killing as a matter of law because of the arson. The prosecution would have it that murder need not be proved: to constitute first-degree murder it is only necessary that the killing be committed during the course of one of the felonies enumerated in MCLA 750.316; MSA 28.548. We do not agree.

The instruction of the trial judge removed the element of malice from jury consideration. The court imputed malice to the killing because of defendant's act. This it may not do.

The common-law felony murder doctrine provided that any homicide committed in the perpetration or attempt to perpetrate a felony was murder. In *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976), this Court, after a thorough analysis, concluded that the common-law felony murder doctrine did not exist in Michigan, even in modified form. Likewise, the Court found that Michigan has not adopted the felony murder doctrine by statute.

*Fountain* held that malice may not be imputed to an act of killing from the perpetrator's mere intent to commit the underlying felony. "Although malice may be inferred from the nature of the underlying felony and the circumstances surrounding its commission, the presence or absence of malice in each case remains a question for jury determination". 71 Mich App at 506. See also, *People v Martin,* 75 Mich App 6; 254 NW2d 628 (1977), where *Fountain* is cited with approval.

We reach the same conclusion as the *Fountain* court. In order to convict a defendant of felony murder, the prosecution must establish (1) a homicide; (2) that the homicide is murder; and (3) that the murder occurred in the perpetration or attempt to perpetrate one of the felonies enumerated in MCLA 750.316; MSA 28.548. *People v Wimbush,* 45 Mich App 42; 205 NW2d 890 (1973), *People v Smith,* 55 Mich App 184; 222 NW2d 172 (1974). Thus, before a party may be convicted under the first-degree murder statute, a common law murder must be proved.

The Supreme Court acknowledged this in a series of cases in 1975 dealing with lesser included offenses. A lesser included offense is either a "necessarily included" or a "cognate" offense. It must be impossible to commit the greater offense with-

out having committed the lesser offense. *People v
Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975),
*People v Chamblis,* 395 Mich 408; 236 NW2d 473
(1975).

In *People v Carter,* 395 Mich 434; 236 NW2d 500
(1975), the Supreme Court held there are lesser
included offenses to first-degree felony murder. In
so holding, the Court had occasion to expressly
disapprove a rule which would allow proof of an
essential element by proof of the perpetration or
attempt to perpetrate a specific felony. Under such
a rule, neither second-degree murder nor man-
slaughter could possibly be lesser included of-
fenses. The Court stated:

"Second-degree murder is always a lesser included
offense of first-degree murder. First-degree murder is
second-degree (common-law) murder *plus* an element,
*viz.,* either premeditation or the perpetration or at-
tempt to perpetrate an enumerated felony. *People v
Allen,* 390 Mich 383; 212 NW2d 21 (1973). Conversely,
second-degree murder is first-degree murder minus pre-
meditation or the enumerated felony." 395 Mich at
437–438.

See, also, *People v Crown,* 75 Mich App 206, 215;
254 NW2d 843 (1977).

Murder in the second degree, a crime which
must be established before murder in the first
degree can be established, requires proof of malice.
*People v Benberry,* 24 Mich App 188; 180 NW2d
391 (1970), *People v Stinson,* 58 Mich App 243; 227
NW2d 303 (1975). The law may not impute the
element of malice necessary for a conviction of
second-degree or common-law murder.

"To give the homicide the legal character of murder,
all the authorities agree that it must have been perpe-
trated with malice prepense or aforethought. This mal-

ice is just as essential an ingredient of the offense as the act which causes the death; without the concurrence of both, the crime can not exist; and, as every man is presumed innocent of the offense with which he is charged till he is proved to be guilty, this presumption must apply equally to both ingredients of the offense—to the malice as well as to the killing. Hence, though the principle seems to have been sometimes overlooked, the burden of proof, as to each, rests equally upon the prosecution, though the one may admit and require more direct proof than the other; malice, in most cases, not being susceptible of direct proof, but to be established by inferences more or less strong, to be drawn from the facts and circumstances connected with the killing, and which indicate the disposition or state of mind with which it was done. It is for the court to define the legal import of the term, malice aforethought, or, in other words, that state or disposition of mind which constitutes it; but the question whether it existed or not, *in the particular instance,* would, upon principle, seem to be as clearly a question of fact for the jury, as any other fact in the cause * * * ." *Maher v The People,* 10 Mich 212, 218 (1862). (Emphasis in original.)

See *People v Bourne,* 385 Mich 170; 188 NW2d 573 (1971), and *People v Martin,* 392 Mich 553; 221 NW2d 336 (1974).

First-degree felony murder is murder in the second degree plus the element of perpetration of an enumerated felony. *People v Carter, supra.* Since the law may not impute malice to a second-degree murder, *Maher v The People, supra,* it accordingly may not impute the malice requisite to a conviction of first-degree felony murder.

MCLA 750.316; MSA 28.548, the first-degree murder statute, may be utilized only after a common-law or second-degree murder has been established. *People v Allen, supra.* As to the fact of a murder, the statute is redundant. As to degree, it

is not. Functionally, premeditation and the proof of a felony serve the same purpose, elevating an otherwise second-degree murder to the crime of murder in the first degree. *People v Sparks*, 53 Mich App 452; 220 NW2d 153 (1974). In premeditated murder it is the act of premeditation and deliberation that elevates the crime to first degree, while in felony murder it is the act of committing murder during the perpetration of a felony that aggravates the nature of the offense. *People v Martin*, 75 Mich App 6; 254 NW2d 628 (1977).

The trial court erred when it instructed the jury on first-degree murder. Having been told that the law imputed malice from the underlying felony, the jury was not allowed to consider all the essential elements of the crime of first-degree felony murder.

The trial court failed to instruct the jury that defendant could be convicted of first-degree felony murder only if the jury found the killing was done with malice. This failure constituted reversible error. The essential element of malice was imputed to the killing as a matter of law. It was properly a matter for the jury's consideration. Defendant's conviction must be reversed.

J. H. GILLIS, J. *(dissenting)*. I dissent for the reasons set forth in this Court's opinion in *People v Till*, 80 Mich App 16, 263 NW2d 586 (1977). Inasmuch as I am in complete accord with the opinion authored by Judge BASHARA, I see no reason to expand on my dissent in this case.