PEOPLE v ROBERT G. THOMPSON

OPINION OF THE COURT

1. HOMICIDE—FIRST-DEGREE MURDER—FELONY MURDER—MALICE—IN-
FERENCE OF MALICE—UNDERLYING FELONY—JURY QUESTION—
INSTRUCTION TO JURY—APPEAL AND ERROR.

The presence or absence of malice in each first-degree murder
case remains a question for jury determination, although mal-
ice may be inferred from the nature of an underlying felony in
a felony-murder case and the circumstances surrounding the
commission of the felony; therefore, a defendant's conviction of
first-degree murder under a felony-murder theory should be
reversed, and the matter remanded, where a trial judge, in his
instructions to the jury, removed the essential element of
malice from the jury's consideration.

2. HOMICIDE—FIRST-DEGREE MURDER—FELONY MURDER—UNDERLYING
FELONY—PROSECUTOR'S OPTION.

A prosecutor may choose on remand after a defendant's convic-
tion for felony murder has been reversed, where the defendant
was convicted of both first-degree murder, under a felony-mur-
der theory, and armed robbery, the underlying felony, either to
have the defendant's armed robbery conviction and sentence
stand or to have it vacated and retry the defendant on armed
robbery and first-degree murder charges.

DISSENT BY M. J. KELLY, J.

3. HOMICIDE—FELONY MURDER—UNDERLYING FELONY—ARMED ROB-
BERY—CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOP-
ARDY.

*Punishing a defendant for the greater offense of first-degree*

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide §§ 247, 498–500.
[2] 40 Am Jur 2d, Homicide § 190.
[3] 40 Am Jur 2d, Homicide § 194.
[4] 40 Am Jur 2d, Homicide § 500.
[5] 40 Am Jur 2d, Homicide § 525.
[6] 75 Am Jur 2d, Trial §§ 91, 92.

*felony murder and for the included offense of the underlying felony constitutes a violation of the double jeopardy clauses of the United States Constitution and the Michigan Constitution; therefore, a defendant's conviction for armed robbery should be reversed where the armed robbery was the felony upon which the jury based the defendant's conviction for felony murder (US Const, Am V, Am XIV, Const 1963, art 1, § 15).*

4. HOMICIDE—FELONY MURDER—INSTRUCTIONS TO JURY—MALICE— UNDERLYING FELONY—PRESERVING ISSUE—MANIFEST INJUSTICE.

*Failure of a defendant at his trial on a felony-murder charge to object to a trial judge's failure to instruct the jury on the elements of malice, and, in effect, letting the jury imply malice from the underlying felony to the killing precludes the Court of Appeals from reviewing the issue because there is no manifest injustice; whether the instruction uses the word murder or killing in connection with an underlying felony, an omission to instruct on malice should not be reversible error unless properly preserved for review by objection or by the trial court's refusal to give a properly requested instruction.*

5. HOMICIDE—FELONY MURDER—COMMON-LAW FELONY MURDER—IN-STRUCTIONS TO JURY—MALICE—UNDERLYING FELONY—STAT-UTES.

*The common-law felony-murder rule does not require the giving of an instruction to the jury on malice because malice is imputed from a killing which takes place during the perpetration of or attempt to perpetrate one of the enumerated felonies (MCLA 750.316; MSA 28.548).*

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALLEN CHARGE.

*A charge to the jury which instructs them that they must examine the question submitted to them with candor and with a proper regard and deference to the opinions of each other, and that the verdict must be that of each juror, the result of his own convictions and not a mere acquiescence in the conclusion of his fellows, and then urges them to reach a verdict if they can conscientiously do so, the so-called Allen charge, is not per se coercive; any claim of coercion must be determined on a case-by-case basis.*

Appeal from Saginaw, Eugene Snow Huff, J. Submitted October 4, 1977, at Grand Rapids. (Docket No. 26215.) Decided February 22, 1978. Limited leave to appeal granted, 402 Mich 938.

Robert G. Thompson was convicted of armed robbery and first-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Wright,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. Cavanagh, P. J., and Bronson and M. J. Kelly, JJ.

M. F. Cavanagh, P. J. For the reasons stated in *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976), in *People v Wright,* 80 Mich App 172; 262 NW2d 917 (1977), and in Judge Riley's dissent in *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977), we disagree with our brother's conclusion that reversible error did not result from the trial court's failure to instruct the jury on the element of malice in the felony-murder charge. We join, however, in his disposition of the other issues raised.

For this reason, we would reverse the first-degree murder conviction and remand to the trial court. Upon remand, as we find no error relating to the armed robbery conviction, we would allow the prosecutor to choose either to have the armed robbery conviction and sentence stand or to have it vacated and to retry the defendant on armed robbery and first-degree murder.

Bronson, J., concurred.

M. J. Kelly, J. *(dissenting).* On August 18, 1975,

defendant was convicted by a Saginaw County Circuit Court jury of armed robbery, MCLA 750.529; MSA 28.797, and first-degree murder, MCLA 750.316; MSA 28.548. He was sentenced to two concurrent terms of life imprisonment on September 17, 1975. He appeals as of right. Three issues merit discussion.

First of all, the parties agree that the conviction and sentence for armed robbery, the lesser charge, should be vacated. I would so order. This Court held in *People v Anderson,* 62 Mich App 475, 482; 233 NW2d 620 (1975):

"To punish defendant both for the greater offense, that is, first-degree (felony) murder, and for the included offense, which would be in this case armed robbery, would constitute double punishment in violation of the double jeopardy clauses of the United States Constitution and the Michigan Constitution."

Since the murder took place during the perpetration of the armed robbery, the armed robbery conviction must be reversed. See also *People v Stewart (On Rehearing),* 400 Mich 540, 549–550; 256 NW2d 31 (1977), *People v Martin,* 398 Mich 303, 309–310; 247 NW2d 303 (1976), *People v Longuemire,* 77 Mich App 17, 24; 257 NW2d 273 (1977), *People v Goodchild,* 68 Mich App 226, 236–237; 242 NW2d 465 (1976), *lv den,* 397 Mich 830 (1976).

Defendant next argues that the trial court committed reversible error by failing to instruct the jury on the element of malice, and, in effect, letting the jury imply malice from the underlying armed robbery to the killing. Defendant did not object. I would hold that the failure to object precludes this Court from reviewing the issue because there is no manifest injustice. *People v*

*Dorrikas,* 354 Mich 303, 316; 92 NW2d 305 (1958). I say that with full knowledge that there is abundant authority to the contrary. In *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976), the Court implied that the issue need not be preserved for review by timely objection because it withdrew an essential element from jury consideration, namely, malice. There is now a split of authority in this Court as to the existence and the perimeters of the common law felony-murder doctrine in Michigan. Whatever the rule is determined to be by the Supreme Court in future precedent, I have little hesitation in saying what the rule ought to be. The rule ought to be that whether the instruction uses the word murder or killing in connection with the underlying felony, an omission to instruct on malice will not be reversible error unless properly preserved for review by objection or by the trial court's refusal to give a properly requested instruction.

The right to a trial by jury allows a defendant a common sense buffer between the complicated legalistic language of the law and the conscience of the community. Much of the debate between varying legalistic points of view is lost on a jury of laymen. Where legislatures and courts disagree, why do we posit reversible error on a surmise that a jury has been misled? It is possible for the layman to use murder and killing interchangeably even if incorrectly. It is conceivable that a Legislature could do likewise.

Our Court has recently issued conflicting opinions on this issue. *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977), *People v Wright,* 80 Mich App 172; 262 NW2d 917 (1977). I would follow the *Till* Court in finding the existence of common law felony-murder in this state. The *Till* majority

found that such a common law felony-murder rule does not require the giving of an instruction on malice to the jury because malice is supplied (imputed) from a killing which takes place during the perpetration of or attempt to perpetrate one of the enumerated dangerous felonies. See *People v Allensworth,* 401 Mich 67, 75; 257 NW2d 81 (1977) (COLEMAN, J., dissenting). But see *People v Wright, supra, People v Fountain, supra, People v Terry Burton,* 74 Mich App 215, 226; 253 NW2d 710 (1977). The *Fountain* Court defined malice in accordance with the Michigan Proposed Criminal Jury Instructions, 16:3:01.[1] But malice is a state of mind and does not a jury which convicts for killing which takes place in the course of arson, robbery, rape, burglary, or kidnapping find a "life endangering state of mind"[2] on the part of the felon inherently inseparable from the killing? The very least we can say is that the law is not clear as the split between panels on our Court indicates. That being the case, trial judges, prosecuting attorneys and defense attorneys should not be held to a degree of sagacity superior to ours, and reversible error should not be predicated on failure to give an unrequested instruction.

The third issue raised by defendant alleges that the trial court's *Allen*[3] charge constitutes reversible error. Defendant did not object to the charges given.

The trial judge's *Allen* charge does not necessar-

---

[1] "Malice means the defendant intended to kill or that he knowingly created a very high risk of death with knowledge that it probably would result in death, and that he did so under circumstances which did not justify, excuse, or lessen the crime."

[2] *See* Perkins on Criminal Law (2d ed), p 46 (1969), for such a definition of malice. *See also People v Morrin,* 31 Mich App 301, 322, n 28; 187 NW2d 434 (1971), *lv den,* 385 Mich 775 (1971).

[3] *Allen v United States,* 164 US 492; 17 S Ct 154; 41 L Ed 528 (1896).

ily mandate reversal, and must be reviewed on a case by case basis. *People v Sullivan,* 392 Mich 324, 332; 220 NW2d 441 (1974).

The record indicates that the trial court appeared willing to dismiss the jury, but defense counsel apparently wanted to have the jury continue deliberations. Furthermore, the jury deliberated for four hours after the *Allen* instruction before it returned a verdict of guilty. There was no objection and there does not appear to be a clear abuse of discretion by the trial court resulting in manifest injustice. I, therefore, find no reversible error in the charge. GCR 1963, 516.2. See *People v Newby,* 66 Mich App 400, 404; 239 NW2d 387 (1976), *lv den,* 397 Mich 867 (1976), *People v Tooks,* 55 Mich App 537, 540; 223 NW2d 63 (1974).

Defendant's other issues are without merit and do not require discussion.

I would affirm.