PEOPLE v KING

Docket No. 77-3055. Submitted June 21, 1979, at Detroit.—Decided
    December 5, 1979. Leave to appeal applied for.

Thomas P. King was convicted of first-degree felony murder,
    Recorder's Court of Detroit, Geraldine B. Ford, J. Defendant
    appeals, alleging that there was insufficient evidence at the
    preliminary examination to bind him over on an open charge of
    murder, that the evidence at trial was insufficient for the jury
    to conclude that the victim was killed in the course of a
    robbery, and that the trial court erred in its instructions to the
    jury in regards to malice. *Held:*

    1. The evidence presented at the preliminary examination
    was sufficient to enable the magistrate to bind the defendant
    over on the open murder charge, and that evidence, plus
    additional evidence presented at trial, was sufficient to allow
    the jury to infer that the killing occurred during the perpetra-
    tion of a robbery.

    2. The trial court's instruction to the jury essentially re-
    moved the element of malice from the jury's consideration. The
    defendant's conviction of first-degree felony murder must there-
    fore be reversed.

    Reversed and remanded.

    N. J. KAUFMAN, P.J., agreed with the majority on the issues
    of the sufficiency of the evidence. As to the jury instructions,
    however, he would hold that while it is advisable for a trial
    court to instruct on malice in a felony murder trial, the failure
    to do so does not automatically require reversal of a felony
    murder conviction such as this where the element of malice
    can be inferred from the fact that the killing occurred during
    the commission of the robbery. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide §§ 483, 499, 500.
[2] 40 Am Jur 2d, Homicide §§ 425, 442.
[3] 40 Am Jur 2d, Homicide §§ 499, 500, 509.

Opinion of the Court

1. Homicide — Murder — Felony Murder — Instructions to Jury
   — Malice.

   An instruction to a jury in a murder trial which essentially
   removed the element of malice from the jury's consideration
   where the evidence indicated that the defendant killed the
   victim in the course of a robbery was error mandating reversal
   of the defendant's conviction of first-degree felony murder.

Dissent by N. J. Kaufman, P.J.

2. Homicide — Murder — Felony Murder — Evidence — Suffi-
   ciency of Evidence.

   *Evidence presented at a preliminary examination that a defen-
   dant was armed, that he called a cab, and was seen driving a
   cab moments before the cab driver emerged from the cab
   fatally wounded and claiming to have been robbed was suffi-
   cient to enable the magistrate to bind over the defendant for
   trial on an open charge of murder; this evidence, plus evidence
   at trial that money may have been taken from the victim's
   money box, that defendant's thumb print was on the box, and
   that the victim's tape deck was missing following the crime was
   sufficient to allow the jury to conclude that the killing occurred
   during the course of a robbery.*

3. Homicide — Murder — Felony Murder — Instructions to Jury
   — Malice.

   *An instruction to the jury on malice is advisable in a felony
   murder case; however, failure to instruct on malice does not
   mandate reversal of a defendant's conviction where the ele-
   ment of malice can be inferred from the fact that the killing
   occurred during the perpetration of a robbery.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Paul G. Bruno,* Assistant
Prosecuting Attorney, for the people.

*Bernstein, Rabinovitz & Weitzman, P.C.,* for de-
fendant.

Before: N. J. Kaufman, P.J., and D. C. Riley and
J. X. Theiler,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

D. C. RILEY, J. We adopt the facts as set forth in Judge KAUFMAN's dissenting opinion and agree that there was sufficient evidence presented at the preliminary examination to bind defendant over on a charge of murder and, at trial, to convict defendant of that charge.

However, we part company with his dissent on the issue of the court's instruction on felony-murder. Under the facts of this case, reversal is mandated. See *People v Wilder,* 82 Mich App 358; 266 NW2d 847 (1978), *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977), *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976).

Reversed and remanded for a new trial.

J. X. THEILER, J., concurred.

N. J. KAUFMAN, P.J. *(dissenting).* Defendant appeals as of right from a May 17, 1977, jury verdict finding him guilty of first-degree felony murder, contrary to MCL 750.316; MSA 28.548. He was sentenced to life imprisonment with credit given for 181 days served.

Defendant first claims there was insufficient evidence at the preliminary examination to bind him over on an open charge of murder. I disagree.

At the preliminary examination there was evidence that defendant was armed; that he called a cab; that he was seen driving a cab; and that, moments later, the cab driver emerged from the cab fatally wounded and said, "I been shot and robbed". This was sufficient to enable the examining magistrate to bind defendant over to the circuit court for trial on an open charge of murder. See *People v Spalla,* 83 Mich App 661, 663-666; 269 NW2d 259 (1978). This evidence was also sufficient to establish a felony murder.

Defendant next argues that there was insuffi-

cient evidence presented at trial from which the jury could conclude that defendant killed the cab driver in the course of a felony. Again, I disagree.

At trial, in addition to the evidence presented at the preliminary examination, the prosecutor showed that money might have been taken from the victim's money box; that defendant's thumb print was on the box; and that the victim's tape deck was missing following the crime. From this evidence, a jury could reasonably conclude that the cab driver was shot in the course of a robbery.

Finally, defendant claims error in the following instruction on malice as it relates to felony murder:

"Now, the difference between Murder of the First Degree and Murder of the Second Degree here in this case is that Murder of the First Degree is a killing done willfully and maliciously, during the commission or attempt to commit an arson, rape, robbery, burglary, extortion or kidnapping. While in Murder of the Second Degree, the killing is done willfully and maliciously, but without the elements of the commission or attempt to commit a [sic] arson, rape, robbery, burglary, larceny, extortion or kidnapping.

"Now, malice, in connection with being malicious in connection with murder, means the intentional taking of any man's life without justification or excuse.

"To do an act wilfully, in consideration of the charge here, means to act intentionally, knowingly and purposely, without any justifiable excuse.

* * *

"So, if there has been a killing during the attempt or the actual commission of one of the felonies set out in the statute, this establishes Murder of the First Degree. It is not necessary to show that the killing was intended or even that the act resulting in death was intended. It may have been an incident quite unexpected. The only intent required is the intent to commit one of the crimes specified in the statute. If that intent is shown,

the resultant homicide or killing is Murder, even if the killing was quite accidental, such as where a victim of a robbery attempts to disarm his assailant and is killed by an accidental discharge of the weapon during a struggle for its possession.

\* \* \*

"The prosecution does not have to show that the defendant had an intent to kill Bruce Andrews. But, in order for you to convict the defendant of First Degree Murder, the Prosecution must prove that Bruce Andrews was killed during the perpetration or in the attempted perpetration of a robbery. And if the People have proven this, it would be your duty to find the defendant guilty of Murder in the First Degree."

The first part of the instruction is fine; however, the last two paragraphs pose a problem. According to *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976), and its progeny, the first part of the instruction is necessary and proper but the last paragraphs are reversibly erroneous. According to *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977), and its progeny, the first part of the instruction is unnecessary and the last paragraphs are correct.

The instruction is, to say the least, extremely confusing. However, our treatment of the issue, as evidenced by the cases cited above, is equally confusing. The Supreme Court has recently taken steps to end this conflict.[1] Until a resolution of this question is reached at that level, to be safe, I would advise trial courts to instruct on malice in felony murder cases.

This is not to say that failure to so instruct

[1] In *People v Wright,* 80 Mich App 172; 262 NW2d 917 (1977), and *People v Thompson,* 81 Mich App 348; 265 NW2d 632 (1978), two examples of the continuing *Fountain-Till* split in this Court, leave to appeal was granted by the Supreme Court on May 8, 1978. See 402 Mich 938 (1978).

should lead to reversal. MCL 750.316; MSA 28.548 makes it clear that a murder committed during the perpetration of a robbery, as here, shall be murder of the first degree. The judicial quandary over the malice element would be alleviated somewhat *if* the statute read a *killing* during the commission of an enumerated felony constitutes murder in the first degree. Since murder is used instead of killing, however, the controversy over the malice element will surely continue.

In focusing on the facts of the instant case, I hold that the court's instructions were not erroneous. As stated, it would have been better if a malice instruction had been given. This oversight does not warrant reversal, however, as the malice element can be inferred from the fact that the murder was committed during the perpetration of the robbery. Accordingly, I would affirm.