**Henry COLLINS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1965.

Wix Unthank, Harlan, for appellant.

Robert F. Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

Appellant, Henry Collins, was convicted of transporting alcoholic beverages in dry local option territory for the purpose of sale. He was fined $20.00 and sentenced to thirty days in jail.

At the trial only two witnesses testified, Henry Goley, field representative for the State Alcoholic Beverage Control Board, and Dolphus Parman, a state trooper. Goley testified that prior to the

date of Collins' arrest he had warned him that his 1953 Chevrolet car bearing a Tennessee license plate had not been registered properly in Kentucky. He stated that on July 17, 1963, he drove down U. S. Highway 119 and when he approached a point in the road near Tremont he observed a car on a side road and recognized the car as the one with faulty registration and improper license plates. He went down the road about 500 yards, turned and came back. The Collins car had made the turn and was proceeding in the same direction. He followed the car and after he had traveled about a mile, he stopped it within a few feet of where the trooper's cruiser was parked on a side road with its lights on. Collins got out of his car and was standing with his hands on the door when Goley walked over to the car. He could see a number of cases of beer and other intoxicating liquors in plain view in the back of the car. There had been some attempt to cover them with a small quilt. The trooper came over to the scene and parked his cruiser behind the Chevrolet. He stated that the door of the Chevrolet was open and one could see cases of alcoholic beverages stacked up in the back of the car. Collins was arrested and later indicted for transporting alcoholic beverages.

Appellant contends that under Lane v. Commonwealth, Ky., 386 S.W.2d 743, an officer who stops a car for a traffic violation has no right to search the vehicle for evidence of other offenses. It was noted in that case that it would be impossible to lay down a rule that would apply to every possible factual situation. This case, however, is readily distinguishable from the Lane case because the contraband could be seen without a search.

In Taylor v. Commonwealth, Ky., 394 S.W.2d 895, decided October 15, it was stated: "If law enforcement officers have a bona fide reason for stopping a motor vehicle, the discovery of incriminating evidence in plain view may be shown in evidence against the accused. Commonwealth v. Robey, Ky., 337 S.W.2d 34, 87 A.L.R. 2d 923; Clark v. Commonwealth, Ky., 388 S.W.2d 622."

It is contended that the trial court coerced the jury to return a verdict in this case. This is what took place:

"After deliberation, the jury returned to the courtroom.

"THE COURT TO THE JURY: Have you reached a verdict?

"MR. SCOTT (Foreman)  Your honor, the jury can't agree.

"THE COURT  The jury can't agree?

"MR. SCOTT (Foreman)  No, not on a verdict.

"THE COURT: I'm going to let you go back and consider the verdict. Somebody has to try the case. It might as well be you as somebody else."

———————◆———————

We find nothing wrong in the rather mild admonition to the jury to perform its duty.

Appellant next contends that the court erred in refusing his counsel the right to explain, during his final argument, why appellant did not take the stand and testify in his own behalf.

At the completion of the evidence in behalf of the commonwealth appellant moved that the court peremptorily instruct the jury to find for appellant. This motion was made in chambers, not in the jury's presence. At the conclusion of his argument counsel for appellant apparently attempted to explain why the appellant had

not taken the stand in his behalf. He was stopped by the court. Thereupon, counsel entered this statement into the record:

"Comes Defendant's Attorney by avowal and states that in his final statement to the jury that he was going to state as follows: That, the defendant had made a legal motion to the Court for an acquittal upon the grounds that the evidence introduced by the Commonwealth was insufficient; that the Court had overruled this motion; that the overruling of this motion by the Court merely meant it was the Court's opinion that there had been sufficient evidence introduced to constitute a jury case, and that it was still a question for the jury to decide as to whether or not there had been sufficient evidence beyond a reasonable doubt presented in this action to warrant a verdict of guilty; that upon the admonition of the Court to the Defendant's Attorney in the presence of the jury, the Attorney for the defense will stand silent and rely upon its objections and motions in this record."

We believe the court was correct in denying counsel the right to make such a statement to the jury. The trial court stated that the motion for a directed verdict was made and discussed in the absence of the jury. They therefore knew nothing of the motion and were not concerned with its legal implications.

■ The closing argument to the jury should be confined to the facts brought out in the evidence. Broyles v. Commonwealth, Ky., 267 S.W.2d 73. The record contains no evidence to support the statement which appellant's counsel desired to make to the jury. It is entirely possible that he may have had other compelling reasons for not testifying. Section (1) of KRS 455.090 grants to the defendant a right to testify in his own behalf and states "but his failure to do so shall not be commented upon or create

any presumption against him." Ordinarily our cases have dealt with situations where it was contended that the commonwealth had violated the terms of that section. It seems that generally the statute intends that this is a matter concerning which all parties, including the court, shall remain silent. See Roberts v. United States, 4 Cir., 137 F.2d 412; State v. Ippoch, 242 N.C. 119, 83 S.E.2d 798.

■ It is not necessary for us to discuss appellant's complaint concerning the opening statement made by the commonwealth's attorney because that statement does not appear in the record and is not reviewable. Moore v. Commonwealth, Ky., 384 S.W.2d 498; Maise v. Commonwealth, Ky., 380 S.W.2d 230.

Judgment affirmed.