**Henry Wilson FREEPARTNER, Appellant,**

**v.**

**Howard Wayne RUTLEDGE et al., Appellees.**

Court of Appeals of Kentucky.

July 1, 1966.

Thomas L. Ray, Louisville, for appellant.

Norman A. Curtis, Louisville, for appellees.

MONTGOMERY, Judge.

Henry Wilson Freepartner appeals from a judgment entered on a jury verdict in favor of Howard Wayne Rutledge and Willard Shewmaker. Appellant had sued for damages suffered in a "sideswiping" col-

lision between his truck and the truck of Shewmaker operated by Rutledge. Error is claimed in the selection of the jury, exclusion of testimony, and coercion of the jury.

The trial of the case began May 25, 1964. The jury was selected, and while appellant was testifying as plaintiff one juror fainted. By agreement the jury was discharged. The case was then reassigned for trial on the following day before the same panel. A jury was then selected. It was composed partly of jurors who had served on the abortive trial the previous day and partly of jurors on the panel who had not heard the previous opening statements and testimony. No objection to this procedure was made by either party.

■ Appellant now insists that he was deprived of an impartial jury and that this constitutes a palpable error affecting his substantial rights within the meaning of CR 61.02. It has been held that jurors who served in one proceeding by a gas company to condemn a pipe line easement were not incompetent to act as jurors in another and similar condemnation proceeding by the gas company. United Fuel Gas Company v. Hieneman, Ky., 272 S.W. 2d 813. Membership on a grand jury does not necessarily disqualify a juror for implied bias when called on the trial of an indictment returned by the grand jury. Riley v. Commonwealth, 190 Ky. 204, 227 S.W. 146. Appellant does not point out any way in which he was prejudiced, which is necessary to constitute "palpable error." In such absence the error, if any, is harmless. CR 61.01. It was not raised by timely objection. Little v. Whitehouse, Ky., 384 S.W.2d 503.

■ The trial court upon its own motion excluded testimony concerning certain debris because there was no competent evidence "tying up that debris with these two vehicles." Appellant had introduced the two witnesses but no objection was made by appellant's counsel at the time of the ruling or until a motion for a new trial was filed. The failure to object is fatal. CR 46. Division of Parks, Dept. of Conservation v. Hines, Ky., 316 S.W.2d 60; Little v. Whitehouse, Ky., 384 S.W.2d 503.

■ Finally, appellant complains that the jury was coerced into making a verdict. The case was submitted to the jury about 2:10 p. m. After deliberating until about 5:10 p. m., "the Court called the Jurors out and inquired as to whether in their opinion they could reach a verdict, cautioning the Jurors not to reveal the positions which they occupied with relation to a verdict. Seven of the Jurors indicated that they felt that a verdict could be arrived at while five of the Jurors indicated that they did not feel a verdict could be arrived at. The Court then read to the Jury a statement, the effect of which was that any verdict arrived at should be the verdict of each individual Juror but that if a majority of the Jurors were for the Plaintiff then the minority should examine their thinking to determine whether or not it was sound and if a majority was in favor of the defendant that the minority should examine their thinking to determine whether it was sound. Following the reading of this statement the Court then stated 'now I want you to go back into the Jury Room and reach a verdict.' The Jury then retired at approximately 5:20 P.M. and brought in a verdict at approximately 6:20 P.M." The quotation is from the affidavit of appellant's counsel filed in support of his motion for a new trial.

Appellees insist that the action taken was properly within the discretion of the court, that the claimed error was improperly preserved, and that no timely objection was made. The first point made is correct on the basis of the principles discussed in Abbott v. Commonwealth, Ky., 352 S.W.2d 552. See also Brannon v. Commonwealth, Ky., 400 S.W.2d 680. Under those principles there was no abuse of discretion.

In this view of the case it is unnecessary to discuss the second point raised, but it may be noted that no objection was made when the jury was sent back for further deliberation. Little v. Whitehouse, Ky., 384 S.W.2d 503. There is no merit in appellant's claim of jury coercion.

Judgment affirmed.