**Luther BOGGS et al., Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 11, 1966.

Rehearing Denied March 29, 1968.

John Y. Brown, Sr., Lexington, for appellants.

Robert F. Matthews, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., J. Douglas Graham, Commonwealth Atty., Campton, for appellee.

MOREMEN, Judge.

Appellants, Luther Boggs and Clarence Southwood, along with Willie Hounshell, who has since died, were convicted of the offense of voluntary manslaughter and were sentenced to ten years in prison.

We are faced with the initial question as to whether this appeal is properly before the court. Timely motion was made to dismiss the appeal because of failure to comply with RCr 12.54 which reads:

"The time within which an appeal may be taken to the Court of Appeals shall be ten days from the entry of the judgment or order appealed from, but if a timely motion has been made for a new trial or in arrest of judgment, an appeal from a judgment of conviction may be taken within ten days after entry of the order denying the motion."

The court found the record to be incomplete and uncertain and returned it to the circuit court for correction.

The amended record indicates that the verdict was returned and judgment and sentence entered on August 21, 1963. The motion for a new trial was filed on August 28, 1963. The notice of appeal was filed on November 18, 1963.

By order of this court entered September 16, 1966, (effective January 1, 1967), RCr 12.54 was amended as follows:

"For the purpose of clarifying RCr 12.54 according to what this court considers to be its present meaning, the period at the end of RCr 12.54 is changed to a semicolon, and the following proviso is added:

" 'Provided, however, that in the case of a motion for new trial made later than five days after return of the verdict, the appeal must be from the order overruling or denying the motion, and the review on appeal shall be limited to the grounds timely raised by the motion as provided by RCr 10.06.' "

In McGregor v. Commonwealth, Ky., 407 S.W.2d 705, decided October 28, 1966, it was said:

"RCr 12.54 provides that an appeal to this court may be taken within ten days from the entry of judgment; but if 'timely' motion for new trial has been made, the appeal may be taken within ten days after the motion is overruled. RCr 10.06 limits the time for service of a motion for new trial to the period of five days after return of the verdict— except that if it is made on the ground of newly discovered evidence, the motion may be made at any time within one year after entry of the judgment or even later if the court for good cause permits."

The motion for new trial in the case under consideration was not served within the five-day period. It was not based upon the ground of newly discovered evidence and therefore did not fall under the exception. It was not "timely" made and did not have the effect of extending the ten-day period for taking an appeal from the judgment. This appeal is not properly before this court.

Even though we have concluded that we are required to dismiss the appeal, nevertheless, in order to determine whether grave error has been committed of such importance that appellants were denied their constitutional or basic rights to a fair trial, we will consider contentions raised by appellants in their brief.

It is insisted that the trial court violated appellants' substantial rights to a fair and impartial trial by refusing to grant a severance of trials. It is said that evidence by and about Hounshell was made admissible by the joint trial when it would have been inadmissible on separate trials. It is argued that prior to the enactment of the present rules of criminal procedure which became effective January 1, 1963, the old criminal code had provided in § 234 that persons jointly tried may be competent as witnesses for each other unless the indictment charges a conspiracy. The case of Mathis v. Commonwealth, 4 Ky.Law Rep. 53, 11 Ky. Opinions 686 (1882), is cited as authority for the proposition that Hounshell would not have been a competent witness against appellants because he was a joint indictee for conspiracy to murder. It is stated that the present rules of criminal procedure are silent on this point and that there is no statutory law applicable. Reliance is had upon the general statement of law from 58 Am.Jur., Witness, § 174, to the effect that a person who is jointly indicted with another for a crime is not, until the case has been disposed of as to him, competent as a witness in behalf of his co-defendant.

Section 234 of the old criminal code was repealed in 1894, and the rule announced in the Mathis case no longer applies. In Gilbert v. Commonwealth, 228 Ky. 19, 14 S.W.2d 194 (1929) it was decided

808

that with the repeal of § 234, the last barrier against a defendant testifying was swept away so that a defendant may testify even though he is charged with conspiracy. See Jordan v. Commonwealth, 240 Ky. 391, 42 S.W.2d 509; and Ray v. Commonwealth, Ky., 284 S.W.2d 76. Severance under RCr 9.16 is a matter within the discretion of the trial court, Smith v. Commonwealth, Ky., 375 S.W.2d 819, and there should be no reversal except for an abuse of such discretion. Furthermore, in Hoskins v. Commonwealth, Ky., 374 S.W.2d 839, it was said:

> " * * * that the mere fact that evidence competent as to one defendant but incompetent as to the other may be introduced is not alone sufficient to establish such prejudice as to require the granting of separate trials. Ordinarily there must be some additional factor, such as that the defendants have antagonistic defenses, or that the evidence as to one defendant tends directly to incriminate the other, e. g., one defendant's admissions directly implicate the other."

 Another ground offered for reversal of this case is that the trial court's action in requiring the jury to return to deliberation amounted in law to coercing the jury to return a verdict. At about 5:50 p. m. on the day the case was submitted to the jury they reported to the court that they had not agreed. The judge thereupon commented that somebody had to return a verdict in the case. The appellant's motion to discharge the jury was overruled and the jury was held together overnight and resumed deliberation the following morning. At about 10:00 a. m. they again reported that they were unable to return a verdict and handed the judge a statement saying they stood in number ten to two. The court made the statement they were getting along fine, that they had changed from seven to five. He gave them more time for deliberation. The motion to discharge the jury was renewed and overruled. At about 11:30 a. m. it was reported to the court that the

jury had reached a verdict. Each juror was polled at the time and each one answered affirmatively that it was his verdict.

We find nothing in the foregoing that amounts to coercion by the court. We have held on several occasions that there is nothing improper in admonishing the jury that the issue must be decided by someone. This matter has been discussed in Collins v. Commonwealth, Ky., 396 S.W.2d 318; and Brannon v. Commonwealth, Ky., 400 S.W.2d 680.

 Finally it is complained that the verdict is not sustained by the evidence. In view of the fact that we are required to dismiss this appeal, we will not give a detailed summary of the voluminous record made in the trial of this case. We have however examined it and have found that there is an abundance of evidence to support the verdict. We are of opinion that appellants had a fair trial.

Judgment affirmed.