PEOPLE v BUTTS

Docket No. 77-1341. Submitted June 23, 1978, at Detroit.—Decided September 5, 1978. Leave to appeal applied for.

Lee Butts was convicted in Recorder's Court of Detroit, Henry Heading, J., of first-degree felony murder and armed robbery. Defendant appeals, alleging, *inter alia,* error in the instructions to the jury. *Held:*

1. The trial court's instruction that the jury should find the defendant guilty of first-degree murder if the jury concluded that the victim was killed as a result of the defendant's perpetration of or attempt to perpetrate the robbery was not erroneous. There is no requirement that the jury should be instructed that they have to find malice in order to convict of first-degree murder in a felony-murder prosecution where the underlying felony is one of those enumerated in the statute.

2. The conviction of armed robbery should be vacated because the robbery was a necessary element of the first-degree murder under the prosecution's theory of the case.

Conviction of first-degree murder affirmed; conviction of armed robbery vacated.

R. M. Maher, P. J., dissented. He would hold that the element of malice is properly a matter for jury consideration and that, therefore, the jury should have been instructed that the defendant could be convicted of first-degree felony murder only if the jury found that the killing was done with malice.

Opinion of the Court

1. Homicide—Felony Murder—Instructions to Jury.

Michigan has a felony-murder rule; therefore, an instruction to the jury that they should find a defendant guilty of first-degree murder if they concluded that the victim was killed as a result

References for Points in Headnotes
[1] 40 Am Jur 2d, Homicide § 499.
[2] 40 Am Jur 2d, Homicide §§ 50, 51, 525.
[3] 40 Am Jur 2d, Homicide § 46.
[4] 40 Am Jur 2d, Homicide §§ 50, 51.

of the defendant's perpetration of or attempt to perpetrate an armed robbery was proper.

2. HOMICIDE—STATUTES—FELONY MURDER—MALICE.

   The malice necessary for a killing to be first-degree murder under the felony-murder statute is provided by the commission of one of the enumerated felonies; but where the killing occurs during the commission of a felony not listed in the statute, malice may be implied from the commission of the felony for the purpose of sustaining a conviction of second-degree murder (MCL 750.316; MSA 28.548).

3. HOMICIDE—FELONY MURDER—ARMED ROBBERY—LESSER OFFENSES.

   A defendant's conviction of armed robbery should be vacated where he was also convicted of first-degree felony murder and where the armed robbery was a necessary element of the felony murder under the prosecution's theory of the case.

DISSENT BY R. M. MAHER, P. J.

4. HOMICIDE—FELONY MURDER—MALICE—INSTRUCTIONS TO JURY.

   *The essential element of malice in a prosecution for first-degree felony murder is properly a matter for the jury's consideration; an instruction to the jury which imputes malice to the killing as a matter of law is improper.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offenders Bureau, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*John E. McSorley,* for defendant on appeal.

Before: R. M. MAHER, P. J., and J. H. GILLIS and McGREGOR,* JJ.

McGREGOR, J. Defendant Lee Chester Butts and

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

codefendant Ronald Wilder were charged with
first-degree murder under the felony-murder stat-
ute, MCL 750.316; MSA 28.548, and armed rob-
bery, MCL 750.529; MSA 28.797. Following a con-
solidated trial, both were jury convicted as
charged. Defendant was sentenced to life imprison-
ment on the first count and to a term of 15 to 30
years imprisonment on the second count. Defend-
ant has appealed as of right.

In *People v Wilder,* 82 Mich App 358; 266 NW2d
847 (1978), this Court recently affirmed the co-
defendant's conviction of first-degree murder and
vacated his conviction of armed robbery, the latter
being a necessary element of the former under the
prosecution's theory of the case. See *People v
Stewart (On Rehearing),* 400 Mich 540; 256 NW2d
31 (1977).

As in the *Wilder* case, *supra,* defendant argues
that the trial court erred in its instruction on first-
degree murder because it told the jury to find
defendant guilty if it concluded that the victim
was "killed" as a result of the defendants' perpe-
tration of or attempt to perpetrate the robbery.
Defendant contends that the jury should have
been instructed that it had to find "malice" in
order to convict of first-degree murder.

That question has divided this Court since the
issuance of the opinion in *People v Fountain,* 71
Mich App 491, 505–506; 248 NW2d 589 (1976), in
which it was concluded that "Michigan has nei-
ther a statutory felony-murder doctrine nor a
common law felony-murder doctrine", and that
"Malice is not, in this state, imputed to an act of
killing from the intent to commit an underlying
felony".

In *People v Till,* 80 Mich App 16; 263 NW2d 586
(1977), this Court in a split decision rejected the

*Fountain* rationale and concluded that a felony-murder rule does exist in this state.

In both *People v Wright,* 80 Mich App 172; 262 NW2d 917 (1977), *lv gtd,* 402 Mich 938 (1978), and *People v Thompson,* 81 Mich App 348; 265 NW2d 632 (1978), *lv gtd,* 402 Mich 938 (1978), this Court in split decisions followed the *Fountain* case. However, the Michigan Supreme Court has granted leave to appeal in those two cases. In the codefendant's case, *People v Wilder, supra,* this Court, in a split decision, followed the *Till* case.

We follow the *Till* case again because we find it better reasoned and more persuasive than *Fountain.* In view of the continuing support for the *Fountain* opinion, however, we find it necessary to point out what we consider to be weaknesses in that decision.

The *Fountain* opinion concedes that early Michigan cases indicated that a felony-murder rule existed in Michigan. However, after citing *People v Utter,* 217 Mich 74; 185 NW 830 (1921), *People v Treichel,* 229 Mich 303; 200 NW 950 (1924), and *People v Andrus,* 331 Mich 535; 50 NW2d 310 (1951), felony-murder cases involving issues as to proper instructions on lesser included offenses, the *Fountain* opinion concludes that those decisions are inconsistent with a felony-murder rule. No mention is made, however, of the fact that following the decisions in those three cases, the Michigan Supreme Court in *People v Podolski,* 332 Mich 508; 52 NW2d 201 (1952), *cert den* 344 US 845; 73 S Ct 62; 97 L Ed 657 (1952), sustained a first-degree felony-murder conviction where the killing that occurred was that of a policeman shot by another policeman while the defendant was attempting an armed robbery. Such a result would have been impossible except under a felony-mur-

der law. The defendant's only "malice" was in attempting to commit an armed robbery. A similar result on similar facts was reached by this Court in *People v Smith,* 56 Mich App 560; 224 NW2d 676 (1974). Also, in *People v Bowen,* 12 Mich App 438; 162 NW2d 911 (1968), *lv den,* 381 Mich 814 (1969), the felony-murder law was applied where a cofelon was accidentally killed by the defendant during the course of a felony.

To be distinguished from those cases is *People v Austin,* 370 Mich 12; 120 NW2d 766 (1963), in which a codefendant was shot and killed by the intended robbery victim. Defendant was charged with felony-murder, but the trial court quashed the information. On appeal, the Michigan Supreme Court affirmed. It specifically declined either to extend the *Podolski* holding, *supra,* or to overrule it, the distinction made being that in *Podolski* the shooting of one police officer by another was accidental, whereas in the *Austin* case the shooting of one felon by the intended victim was a justifiable homicide.

The principal case relied upon in the *Fountain* opinion is a 1972 Michigan Supreme Court decision. Specifically, the *Fountain* opinion states at 504: "Finally, in *People v Carter,* 387 Mich 397; 197 NW2d 57 (1972), the Michigan Supreme Court rejects the common law felony-murder doctrine explicitly."

However, the *Carter* case involved two felonies, robbery and kidnapping. The incident occurred December 1, 1967, and at that time kidnapping was not one of the enumerated felonies in the felony-murder statute, although robbery was. Kidnapping was only added to the felony-murder statute effective March 20, 1970. The pertinent questions being discussed in the *Carter* opinion were

what constituted "murder", whether *second-degree murder* included death occurring during felonies "other than those mentioned in the first-degree murder statute, *i.e.,* kidnapping", 387 Mich at 414, and whether the court erred in failing to instruct the jury with respect to manslaughter. The Supreme Court held in the *Carter* case that it was error in that case not to instruct on manslaughter. The *Carter* opinion does not appear to have found any error in the instruction on first-degree murder that "in order for there to be first degree murder, death would have to result from the robbery", 387 Mich at 409. That language is very much like the first-degree murder instruction in the present case.

Careful examination of the *Carter* opinion has failed to reveal either an "explicit" or implicit rejection of the long established felony-murder doctrine in this state. Indeed, the following language from the *Carter* opinion seems inconsistent with such a conclusion.

"*If there has been a killing during the commission of one of the felonies enumerated under first-degree murder, this establishes the degree. If the killing occurs during the commission of some other felony,* malice may be implied but the nature of the felonious act must be considered. Many felonies are not inherently dangerous to human life. *To hold that in all cases* it is murder if a killing occurs in the commission of any felony would take from the jury the essential question of malice." (Emphasis added.) 387 Mich at 422.

Because the unusual facts in the *Carter* case would have supported a conviction of first-degree murder under the felony-murder statute if the jury found that the killing occurred during the commission of the robbery, or a conviction of second-degree murder if the killing occurred during the commission of the kidnapping, it appears

that the above-quoted language from the *Carter*
case reaffirms that the malice necessary for first-
degree murder under the felony-murder statute is
provided by the commission of one of the enumer-
ated felonies, but that where the killing occurs
during the commission of a felony not listed in the
statute, malice may be implied from the commis-
sion of the felony for the purpose of sustaining a
conviction of *second-degree* murder. Therefore, we
decline to follow the *Fountain* decision which we
think erroneously construes the *Carter* opinion.

The remaining issues raised by defendant re-
quire little discussion. There was no prejudicial
error in the instruction relative to premeditation
or in the definition of malice since defendant was
convicted of first-degree murder under the felony-
murder statute. Contrary to defendant's allegation,
the trial court did instruct on specific intent as an
element of armed robbery. The trial court's rever-
sal of its ruling on the admissibility of certain
evidence together with its cautionary instructions
cured any prejudicial error. The instructions on
prior inconsistent statements and identification
were sufficient. The other allegations of reversible
error have been considered but lack merit.

As in *People v Wilder, supra,* we hold that
defendant's armed robbery conviction is vacated.
Defendant's conviction of first-degree murder is
affirmed.

J. H. GILLIS, J. concurred.


R. M. MAHER, P. J. *(dissenting).* For the reasons
stated in *People v Fountain,* 71 Mich App 491; 248
NW2d 589 (1976), and in *People v Wright,* 80 Mich
App 172; 262 NW2d 917 (1977), *lv gtd,* 402 Mich
938 (1978), I dissent. The jury should have been
instructed that the defendant could be convicted of

first-degree felony murder only if the jury found the killing was done with malice. The essential element of malice was improperly imputed to the killing as a matter of law. It was properly a matter for the jury's consideration.