◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JACKSON, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered February 2, 1979, convicting him of rape in the first degree and incest, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of rape in the first degree and vacating the sentence imposed thereon. As so modified, judgment affirmed, and case remitted to the County Court, Suffolk County, for a new trial with respect to the rape charge. After reaching a verdict of guilty on the count of the indictment charging defendant with incest, the jury, in the course of further deliberations, repeatedly expressed its inability to render a unanimous verdict on the count charging rape in the first degree. The reiteration by the trial court of its *Allen* charge (see *Allen v United States,* 164 US 492), after the jury had expressed its opinion for the fourth time that a unanimous verdict was impossible for the count of the indictment charging rape in the first degree, was coercive, particularly where the court was aware that one juror had been physically ill and another had expressed concern over his blood pressure. That the jury, after deliberating without success for more than two days, could reach a verdict within 30 minutes of unequivocally asserting the impossibility of unanimity, is indicative of the coercive nature of the court's continued declination to discharge the deadlocked jury. We further note that incorporated within the court's modified *Allen* charge had been a reminder to the jurors of the expense outlayed by the county and the necessity for a retrial, statements expressly proscribed by this court in *People v Demery* (60 AD2d 606). Consequently, defendant's conviction of rape in the first degree must be reversed and a new trial ordered. We have considered defendant's other contentions and find them to be without merit. Cohalan, J. P., Margett, Martuscello and Weinstein, JJ., concur.