David Lewis McCAMPBELL, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 89–CA–2493–MR.

Court of Appeals of Kentucky.

Oct. 5, 1990.

Pierce Butler Whites, Georgetown, for appellant.

Frederic J. Cowan, Atty. Gen., R. Levertis Bell, Sr., Asst. Atty. Gen., Frankfort, for appellee.

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Before HOWERTON, C.J., and HOWARD and MILLER, JJ.

MILLER, Judge.

Appellant brings this appeal from a second-degree assault conviction. Kentucky Revised Statutes (KRS) 508.020. The sole issue surrounds the giving of what the trial court believed to be an *Allen* charge.[1]

After deliberation, the jury returned deadlocked. The following transpired:

THE COURT: The jury has just informed the bailiff that they have been unable to reach a verdict. I am going to bring them out and give them the *Allen* charge. Mr. Bishop, you may have some motion or objection you want to make at this time.

MR. BISHOP: Well, I assume at this time, I will object to the *Allen* charge being given.

THE COURT: Overruled.

.    .    .    .    .

THE COURT: Without telling the court who is voting how or which way the vote is, can you tell the court the breakdown on the last vote you had?

MR. SANDERSON [Foreman]: Seven guilty—five not guilty.

THE COURT: Ladies and Gentlemen, I am going to send you back for further deliberations in this case. I will now give you a special instruction. The basis for the instruction is simply this: It is not whether or not this case could be tried better or in a different manner or whether or not it is a perfect case. What is important is that the evidence has been presented to you—sufficient evidence for you to make up your mind one way or the other. I will give you this further instruction and send you back to see if you can reach a decision in this case. If you cannot and the court is convinced, then the court will have no alternative to declare this trial a mistrial, hear the same testimony again that you heard before another jury panel. Ladies and Gentlemen of the jury, none of you should go into the jury room with a blind determination that the verdict shall represent his or her opinion or that he or she should close their ears to arguments of men and women who are equally honest and intelligent. Although the verdict must be the verdict of each individual juror and not a mere acquiescence of your fellow jurors. Each juror should examine the questions he has with candor and with proper regard to the opinions of each other. It is your duty to decide this case if you can conscientiously do so. You should listen with a disposition to be convinced by each other's arguments. If much the larger number were in favor of a verdict for the plaintiff in this case, the dissenting jurors should consider whether their doubt that there should be a verdict for the Commonwealth was a reasonable one which made an impression upon the minds of so many equally intelligent jurors. On the other hand, if the majority were in favor of the defendant, the minority might ask themselves whether or not there was reasonable doubt in the correctness of a judgment which was not concurred in by a majority of your fellow jurors. While undoubtedly, the verdict of the jury should represent the opinion of it by no means follows that the opinions cannot be changed by conference in the jury room. The object of the jury system is to secure, by a comparison of views among jurors themselves, a unanimous verdict. Each juror should listen with deference and not with distrust if he or she finds a majority of the jurors taking a different view of the case. You should now return to the jury room and continue your deliberations bearing in mind what I have just told you. If, after a reasonable time, you find that you cannot reach a verdict, then you shall notify the bailiff.

(Reporter's Note: Jury out 1:10 p.m. Jury returns at 1:25)

(In Open Court)

THE COURT: Mr. Foreman, have you reached a verdict?

FOREMAN SANDERSON: We have.

1. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

THE COURT: Would the bailiff please retrieve the verdict from the foreman? Thank you, Sir. "We, the jury find the defendant, David Louis McCampbell guilty under Instruction Number Three, Second Degree Assault. Signed by Jesse Sanderson, Foreman."

(Reporter's Note: Jury polled by the Court.)

THE COURT: Would the attorneys approach the Bench, please.

(At the Bench)

MR. BISHOP: I have to object to the verdict. Apparently, the last charge you gave the Jury was the basis of the verdict and since they were not very far along, apparently the minority viewed that as an instruction to change their mind. We would ask for a Judgment Notwithstanding the Verdict at this time.

THE COURT: Objection overruled. Motion for Judgment NOV is denied.

■ The issue before us is whether the foregoing polling and supplemental charge by the court was prejudicial. Appellant notes that the *Allen* charge is in considerable disfavor. Indeed, there are those who think it one of the darkest hours in our jurisprudence and that the better view in charging a deadlocked jury is that set forth in 3 *American Bar Association Standards for Criminal Justice*, Standard 15–4.4 (2d ed.1980),[2] relating to trial by jury.

We do not feel compelled to face the merits of the *Allen* charge, however. The proceedings at hand were beyond *Allen* and were clearly prejudicial in that the jury foreman disclosed the number of jurors for conviction and the number for acquittal.

Further, the jury was advised that it had sufficient evidence to make up its mind "one way or the other." We feel such a proceeding was impermissible under Section 11 of our Kentucky Constitution.

It is manifest that the jury foreman's response to the poll was somewhat gratuitous. This does not remove error. Undoubtedly, the minority favoring innocence was cast in a position of embarrassment and humiliation. The fact is, many persons do not relish the idea of serving on juries and certainly are most easily intimidated when their tenets are exposed to public display. One can only conclude that upon return to deliberation, the minority quickly acquiesced in relinquishing its position.

■ It is difficult to find legitimacy in the court's intrusion into the jury process to an extent greater than determining if further deliberation would be helpful. If this inquiry is answered in the negative, the jury should be discharged. Any other mandate from the bench would constitute coercion and undermine all the good our system has to offer.

For the foregoing reasons, the judgment of the circuit court is reversed and remanded.

All concur.

2. The standard provides that instructions should include the following:

(i) that in order to return a verdict, each juror must agree thereto;

(ii) that jurors have a duty to consult with one another and to deliberate with a view toward reaching an agreement, if it can be done without violence to individual judgment;

(iii) that each juror must decide the case for himself or herself but only after an impartial consideration of the evidence with the other jurors;

(iv) that in the course of deliberations, a juror should not hesitate to reexamine his or her own views and change an opinion if the juror is convinced it is erroneous; and

(v) that no juror should surrender his or her honest conviction as to the weight of effect of the evidence solely because of the opinion of the other jurors, or for the mere purpose of returning a verdict.