**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Tony Eugene MITCHELL, Appellee.**

**No. 95–SC–780–DG.**

Supreme Court of Kentucky.

April 24, 1997.

A.B. Chandler, III, Attorney General, Sharon Kay Hilborn, Criminal Appellate Di-

vision, Office of Attorney General, Frankfort, for appellant.

Shirley A. Cunningham, Jr., Gerry L. Harris, Lexington, for appellee.

COOPER, Justice.

Appellee was indicted by the Madison County Grand Jury on charges of Criminal Attempt to Commit First–Degree Rape, Fourth–Degree Assault and Third–Degree Sexual Abuse. A jury found Appellee guilty of First–Degree Sexual Abuse as a lesser included offense of Criminal Attempt to Commit First–Degree Rape and acquitted him on the other two charges. He was sentenced to confinement in the penitentiary for one year probated for a period of three years. On appeal, the Court of Appeals reversed the conviction and remanded for a new trial. We granted discretionary review to determine whether the trial judge properly complied with RCr 9.57 and, if not, whether she coerced a verdict from a deadlocked jury. We now reverse the Court of Appeals and reinstate the judgment of the Madison Circuit Court.

Following approximately three hours of deliberations, the jury returned to the courtroom and delivered the following note to the trial judge:

"The jury has reached a decision on one of the counts but seems firmly divided on the other two counts. What should we do?"

The trial judge responded as follows:

You need to return a verdict. And to return a verdict even as to the other two, I need to make sure you understand that you have an absolute duty to consult with each other, to deliberate with a view toward reaching an agreement if it can be done without violence to the verdict here this afternoon. Each juror must decide the case in his or her own mind, but only after what you are absolutely sure is impartial consideration on your part as an individual. In the course of the deliberations that I will send you out shortly to commence again, each of you should not hesitate to reexamine his or her own views. Each juror should not hesitate to change

his or her opinion if you are reasonably convinced that it is erroneous. Now I am not telling you that you should surrender your honest convictions as to the weight of any evidence before you or as to the sufficiency of any evidence that has been presented to you solely because of opinions of other jurors, or for the mere purpose of obtaining a verdict. I am telling you, however, that it is essential, both for the Commonwealth and for Mr. Mitchell, that you return to the jury room, reevaluate first your individual opinions as it relates to the verdicts you are having difficulty with and then reassess your discussion as a jury.

The jury deliberated an additional one hour and fifty minutes before returning its verdicts. Appellee asserts that the trial judge erred in three respects: (1) the instruction given to the jury was not a verbatim rendition of the instruction set forth in RCr 9.57(1)(a) through (e); (2) the instruction was given without first inquiring of the jury whether further deliberations might be useful; and (3) the first sentence of the instruction constituted coercion.

Prior to the adoption of RCr 9.57, effective August 1, 1992, the trial judges of this Commonwealth were afforded substantial discretion as to how to instruct a deadlocked jury, so long as the instruction did not attempt to coerce the jury or indicate the judge's own opinion as to the verdict. *Abbott v. Commonwealth*, Ky., 352 S.W.2d 552 (1961); *McMillan v. Commonwealth*, 258 Ky. 354, 80 S.W.2d 24 (1935); *cf. Burnam v. Commonwealth*, 283 Ky. 361, 141 S.W.2d 282 (1940). Most trial judges used the so-called *"Allen* charge," *see Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), and that instruction was specifically approved in *Earl v. Commonwealth*, Ky.App., 569 S.W.2d 686 (1978). However, in *McCampbell v. Commonwealth*, Ky.App., 796 S.W.2d 596 (1990), another Court of Appeals panel criticized the *Allen* charge and noted that the preferred view with respect to charging a deadlocked jury is that reflected in 3 *American Bar Association Standards for Criminal Justice*, Standard 15–4.4 (2d ed. 1980). It is this standard which is now codified in RCr 9.57(1).

Although RCr 9.57(1) recites that the court "shall not give any instruction regarding the desirability of reaching a verdict other than the following," what follows in the Rule is not an instruction, but an outline of the elements which should be incorporated into the instruction. In fact, ABA standard 15–4.4 does not purport to be an instruction, but only a listing of the elements which should be contained in an instruction to a deadlocked jury. The ABA recommended use of the following instruction as being consistent with the standard:

> The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.
>
> It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Mathes, *Jury Instructions and Forms for Federal Criminal Cases,* Instruction 8.11, 27 F.R.D. 39, 97–98 (1961).

■ The ABA's recommended instruction includes each element of the ABA standard, but presents those elements in a format more easily understood by a jury of laypersons. In this case, the trial judge essentially did the same thing. Disregarding for the moment the trial judge's remark concerning the need to return a verdict, her instruction, like the ABA's recommended instruction, merely paraphrased the elements set forth in the ABA standard and repeated in RCr 9.57(1). Although the instruction did not readvise the jury that its verdict must be unanimous, that omission was harmless since the jury had already been so advised in the

court's initial written instructions, which were still in the possession of the jury.

■ The mandatory language in RCr 9.57(1) does not require a verbatim recital of the elements outlined therein so long as the instruction sets forth those elements and no other elements. Since the ABA's recommended instruction accomplishes that purpose, we recommend that trial judges add that instruction to their repertoire of standard trial admonitions, instructions and oaths rather than risk reversible error by attempting to tailor individualized versions.

■ RCr 9.57(1) also states that an instruction to a deadlocked jury may be given "if the court determines that further deliberations may be useful." Appellee interprets this to mean that the judge cannot instruct a deadlocked jury until and unless he or she first inquires of the jurors whether they or any of them believe that further deliberations would be useful. If the trial judge had done so in this case, Appellee undoubtedly would be arguing now that the judge polled the jury in contravention of RCr 9.57(2). In fact, one can assume that the jurors already had concluded that further deliberations were not useful; otherwise, they would not have ceased their deliberations and returned to open court to report that they were "divided." Rule 9.57(1) contemplates that it is the trial judge who shall determine whether "further deliberations may be useful" based on the circumstances apparent to the judge at that point in time. Here, the jury had deliberated for only three hours and this was their first report of a problem. The jurors did not report that they were deadlocked, but only "divided." Finally, they asked the judge for advice: "What should we do?" Under these circumstances, the trial judge could and did reasonably conclude that "further deliberations may be useful." There was no need to confirm that conclusion by soliciting the opinions of the individual jurors.

■ Finally, the trial judge's comment that "You need to return a verdict" does not constitute prejudicial error in this case. A review of the trial videotape reveals that the remark was not so much a part of the RCr 9.57(1) instruction as an impromptu and per-

haps ill-advised response to the jury's inquiry: "What should we do?" Thus considered as a separate statement independent of the RCr 9.57(1) instruction, the issue becomes whether the comment itself was coercive.

Some jurisdictions discern the presence or absence of coercion in the time lapse between the alleged coercive comment and the rendition of the verdict. Thus, if the verdict is rendered shortly after the comment, coercion is found. *E.g., Guffey v. State,* 179 Ind.App. 503, 386 N.E.2d 692 (Ind.App.1979) (less than one hour); *State v. McNail,* 767 S.W.2d 84 (Mo.App., 1989) (ten minutes); *State v. Aragon,* 89 N.M. 91, 547 P.2d 574 (N.M.App. 1976), *cert. denied,* 89 N.M. 206, 549 P.2d 284 (1976) (twenty-five minutes); *People v. Jackson,* 76 A.D.2d 869, 428 N.Y.S.2d 498 (1980) (thirty minutes). Conversely, if jury deliberations continued at some length after the comment, coercion is not found. *E.g. State v. Cornell,* 266 N.W.2d 15 (Iowa 1978), *cert. denied,* 439 U.S. 947, 99 S.Ct. 340, 58 L.Ed.2d 338 (1978) (five hours); *People v. Thompson,* 81 Mich.App. 348, 265 N.W.2d 632 (1978), *disagreed with on other grounds, People v. Butts,* 85 Mich.App. 435, 271 N.W.2d 265 (1978) (four hours); *People v. Graham,* 48 A.D.2d 646, 368 N.Y.S.2d 518 (1975), *affirmed,* 39 N.Y.2d 775, 385 N.Y.S.2d 31, 350 N.E.2d 408 (1976) (three hours). Though we decline to adopt a time lapse test, we note that the lapse here was almost two hours, indicating at least that the jury was not "dynamited" by the trial judge's remark.

Our test always has been to look at the language of the statement or instruction itself to determine whether it actually forced an agreement or whether it merely forced deliberations resulting in an agreement. *Earl v. Commonwealth, supra; Abbott v. Commonwealth, supra.* In that regard, we have long held that statements which merely impress upon the jury the propriety and importance of coming to an agreement do not rise to the level of reversible error. *Lewis v. Commonwealth,* Ky., 463 S.W.2d 137 (1970); *Boggs v. Commonwealth,* Ky., 424 S.W.2d 806, 808 (1966); *Collins v. Commonwealth,* Ky., 396 S.W.2d 318, 319 (1965); *McMillan v. Commonwealth, supra; Wiley v. Commonwealth,* 246 Ky. 425, 55 S.W.2d 41 (1932); *cf.*

*Freepartner v. Rutledge,* Ky., 405 S.W.2d 290, 291 (1966). But even if the law were otherwise, any possibility of coercion was vitiated by the trial judge's subsequent instruction to the jurors that they should not surrender their honest convictions for the mere purpose of obtaining a verdict.

For these reasons, we reverse the Court of Appeals and reinstate the judgment of the Madison Circuit Court.

GRAVES, LAMBERT and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents by separate opinion, with STEPHENS, C.J., joining that dissent.

JOHNSTONE, J., not sitting.

STUMBO, Justice, dissenting.

Respectfully, I must dissent. The Court of Appeals' decision was, in my view, completely correct. Being unable to improve upon Judge (now Justice) Johnstone's language, I quote: "Prior to charging the jury, the trial judge must first determine whether further deliberations may be useful and, having cleared that hurdle, give *only* the instruction set out in RCr 9.57. No indication of the requisite preliminary inquiry is apparent from the record before us; it does establish, however, that the charge to the jury, although close to the model, simply went a step too far in advising the jury that, 'You need to return a verdict.' Given these factors, it is clear that appellant is entitled to a new trial on the count charging first-degree sexual abuse."

I would affirm the opinion of the Court of Appeals and remand this case for a new trial.

STEPHENS, C.J., joins.