# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: APRIL 26, 2018
NOT TO BE PUBLISHED

## Supreme Court of Kentucky

### 2017-SC-000202-MR

ANTHONY DRURY        APPELLANT

V.

### ON APPEAL FROM LINCOLN CIRCUIT COURT
### HONORABLE DAVID A. TAPP, JUDGE
### NO. 16-CR-00066-001

COMMONWEALTH OF KENTUCKY        APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Anthony Drury appeals as a matter of right from the Lincoln Circuit Court judgment sentencing him to twenty years' imprisonment for receiving stolen property over $10,000, first-degree fleeing or evading police, and first-degree wanton endangerment. Shortly before trial, Drury filed a motion for continuance in order to subpoena two witnesses that were alleged to be indispensable to his defense. After the trial court denied the motion, Drury's counsel orally renewed the motion on the morning of trial, but the court again denied the continuance.

On appeal, Drury argues that the trial court (1) abused its discretion in denying his motion for continuance and (2) erred when it failed to instruct the jury according to Kentucky Rule of Criminal Procedure (RCr) 9.57(1). The trial

court's finding that the continuance motion was procedurally deficient is supported by the record and there was no abuse of discretion in denying the motion. Further, there was no reversible error when the trial court did not issue a jury instruction pursuant to RCr 9.57(1). Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

On September 3, 2016, Deputy Chase Marcum of the Lincoln County Sheriff's Office was on patrol when he noticed a silver Hummer ("vehicle") matching the description of a vehicle that had earlier been reported stolen. The vehicle was driven by Drury, with Maranda Conner as his passenger. Deputy Marcum began to follow the vehicle to determine whether it was in fact the stolen vehicle. As Deputy Marcum followed the vehicle, Drury began to speed up. Deputy Marcum initiated his lights and siren, but Drury failed to stop. The pursuit continued for a few miles until Drury struck a tree. Believing that the vehicle was disabled, Deputy Marcum exited his cruiser and began to conduct a felony traffic stop. While Deputy Marcum was positioned between his cruiser and the back of the vehicle, Drury backed the vehicle toward the officer. Deputy Marcum jumped out of the way and into a ditch to avoid being hit. The vehicle fled the scene despite Deputy Marcum's commands to stop.

Deputy Marcum fired a couple of shots toward the vehicle's tires as Drury drove away. Drury made it about a quarter mile down the road before stopping again due to the shots fired at the tires. Deputy Marcum pulled his cruiser next to the vehicle to pin the driver's door shut and prevent Drury from fleeing, and then arrested Drury and Conner.

2

On September 26, 2016, Drury was indicted for receiving stolen property over $10,000, first-degree fleeing or evading police, and first-degree wanton endangerment. The trial was scheduled for mid-January. On January 13, 2017, Drury filed a motion for continuance asserting that two witnesses who allegedly had exculpatory information had not been subpoenaed. The trial court denied the motion because it did not comply with RCr 9.04.

The trial proceeded as scheduled. The judge released the jury to deliberate and after approximately thirty minutes the jury sent a note to the judge. At a bench conference with counsel, the judge stated that he planned to remind the jury that it had all the information it was going to get and to read and follow the instructions. After the judge addressed the jury in open court, the jury returned approximately twenty minutes later with a guilty verdict on all counts. Drury was sentenced to five years for fleeing or evading police, five years for wanton endangerment, and ten years for receiving stolen property, all to run consecutively for a total of twenty years.

## ANALYSIS

### I. The Trial Court Did Not Abuse Its Discretion in Denying the Motion for Continuance

Drury argues that the trial court erred by denying his motion for continuance. Specifically, Drury contends that the trial court's decision denied him the opportunity to present a defense against the charges. Drury's motion for continuance was based on an alleged inability to subpoena two witnesses believed to have information pertaining to Drury's theory of defense for the charge of receiving stolen property. RCr 9.04 states that "[i]f the motion [for

3

continuance] is based on the absence of a witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence, and that the affiant believes them to be true."

The motion for a continuance was filed January 13, 2017, just a few days before trial was scheduled to begin. Drury attached an affidavit of Sarah Reed, an investigator in the Danville Public Defender's Office, that outlined the efforts to serve Samantha Denny and Pauline Gilpin on two occasions. The affidavit stated that during both attempts Denny's apartment appeared to be vacant, and that occupants in Gilpin's apartment explained that Gilpin was in Lexington caring for a sick relative.

The trial court denied the motion, stating that the defense had not provided an affidavit detailing what counsel believed the absent witnesses would prove as required by RCr 9.04. On the morning of trial, Drury orally renewed the motion for a continuance. Counsel cited Drury's right to present a defense based on the Sixth and Fourteenth Amendments to the United States Constitution and Sections Two and Eleven of the Kentucky Constitution. Counsel further stated that the witnesses were material because they were present when the vehicle in question was loaned to Drury and could testify to the fact that he had no reason to believe it was stolen. Additionally, counsel told the judge that she spoke to both witnesses on the phone, that one witness appeared to be "dodging" her, and that the other witness's apartment was vacant. Counsel did not know how she could locate the second witness. The

4

judge denied the renewed motion for the same reasons stated in his previous order.

A trial court's ruling on a motion for a continuance is within the sound discretion of the trial court and is reviewed under an abuse of discretion standard. *Montgomery v. Commonwealth*, 320 S.W.3d 28, 47 (Ky. 2010). "[A] conviction will not be reversed for failure to grant a continuance unless that discretion has been plainly abused and manifest injustice has resulted." *Parker v. Commonwealth*, 482 S.W.3d 394, 402 (Ky. 2016) (citations omitted). Whether a continuance is appropriate depends on the facts and circumstances of each case. *Snodgrass v. Commonwealth*, 814 S.W.2d 579, 581 (Ky. 1991), *overruled on other grounds by Lawson v. Commonwealth*, 53 S.W.3d 534 (Ky. 2001).

In exercising its discretion on a motion for continuance, the trial court should consider the following: "length of delay; previous continuances; inconvenience to litigants, witnesses, counsel and the court; whether the delay is purposeful or is caused by the accused; availability of other competent counsel; complexity of the case; and whether denying the continuance will lead to identifiable prejudice." *Id.* The factors most applicable to the case will be discussed in turn.

Although Drury did not request a specific amount of time in his motion, the length of delay would likely have been minor – just enough time to allow for more attempts to locate and serve the two witnesses. Additionally, the case was only approximately three and a half months old when trial began. There

5

was only one prior continuance ordered by the court due to a conflict in the trial court's schedule. As for inconvenience, any change in a trial date causes some inconvenience, so for this to be a determining factor there must be substantial inconvenience. *Eldred v. Commonwealth*, 906 S.W.2d 694, 700 (Ky. 1994). When Drury's counsel orally renewed the motion for continuance on the morning of trial, a jury pool was assembled, ready for voir dire, and the Commonwealth was ready to proceed with its witnesses. While counsel did provide the court with more information as to what the two missing witnesses would reveal in their testimony, the information was not in the form of an affidavit as required by RCr 9.04. There is nothing in the record to suggest that the request for delay was purposeful or caused by the accused. Finally, the case was not complex.

While Drury references all of the foregoing factors, the crux of his argument is that the denial of the continuance resulted in identifiable prejudice. Drury points to *Herp v. Commonwealth*, 491 S.W.3d 507 (Ky. 2016), to support his assertion. However, *Herp* is clearly distinguishable from the present case. In *Herp*, on the morning of trial the Commonwealth moved to amend all charges in the indictment to include another year in which the alleged sexual crimes against a child may have occurred. *Id.* at 509. After the amendment, counsel requested a week-long continuance to investigate the whereabouts of his client and the victim during the newly-added year of possible culpability. *Id.* at 512. After denial of the first motion, Herp's counsel then requested a two-day continuance, which was also denied. *Id.*

6

In *Herp*, the Commonwealth's late amendment to the indictment drastically changed the scope of the defendant's culpability by adding another year in which criminal activity may have occurred. *Id.* Additionally, in finding that there was identifiable prejudice in the denial of the continuance, this Court weighed the fact that the defense was requesting a two-day continuance for a case in which the prosecution was deferred for over two decades. *Id.* Justice required that Herp's counsel be afforded an opportunity to investigate and provide effective assistance. *Id.*

In Drury's case, there was no late introduction of evidence or any drastic change in the case that would require further investigation. He was not blindsided on the morning of trial, a critical factor in *Herp*. Further, Drury was indicted on September 26, 2016, and on October 14, 2016, the court scheduled the trial for the middle of January. However, the defense investigator who attempted to serve the two missing witnesses did not make the first service attempt until January 11, 2017 – approximately three months after the trial date was set and a mere week before the scheduled trial. Drury's counsel had adequate time to investigate and prepare a defense to a straightforward three-count indictment issued nearly three and a half months prior.

Drury also argues that his case corresponds to *Mills v. Commonwealth*, 95 S.W.3d 838, 841 (Ky. 2003), wherein this Court determined that a continuance should have been granted after the defense learned shortly before trial that the Commonwealth had failed to disclose an officer's notes containing a previously unknown eyewitness's identity. By contrast, in moving for a

7

continuance in this case, Drury did not allege that he had just become aware of the two missing witnesses' identities or aware of the information they allegedly knew. There was no eve-of-trial development as in *Mills*.

Turning to the affidavit of investigator Reed, she outlined the attempts to serve the witnesses and the information she obtained concerning their respective residences. However, RCr 9.04 clearly states that the affidavit must show what the witnesses would prove, and Reed's affidavit did not comply. As our predecessor court stated in *McFarland v. Commonwealth,*

> [t]here is nothing in the record to show that the affidavit complied with the requirements of RCr 9.04 with respect to showing the materiality of the evidence expected to be obtained, that due diligence was used to obtain the evidence, the facts the affiant believed the witness would prove, and that the affiant believed those facts to be true.

473 S.W.2d 121 (Ky. 1971). While Reed's affidavit indicated that some diligence was used in attempting to serve the witnesses, as a whole it was procedurally deficient.

This Court has routinely upheld denial of motions for continuance that fail to comply with the procedural requirements of RCr 9.04. *E.g., Gray v. Commonwealth,* 203 S.W.3d 679, 689 (Ky. 2006) (no abuse of discretion found in denial of continuance where counsel failed to make a proper RCr 9.04 motion establishing what facts the missing witness would prove); *Hudson v. Commonwealth,* 202 S.W.3d 17, 23 (Ky. 2006) (no abuse of discretion where appellant's motion failed to disclose expected witness testimony or materiality); *Pennington v. Commonwealth,* 371 S.W.2d 478, 479 (Ky. 1963) (failure to file an

8

affidavit regarding missing witness deprived the court of any basis to determine whether the absence of the witness was prejudicial); *McFarland*, 473 S.W.2d at 121 (no showing of the materiality of the missing testimony, that due diligence was used to obtain the evidence, or the facts the witness would prove).

Having considered Drury's arguments and the record, we find no abuse of discretion in the trial court's denial of Drury's motion for continuance.

## II. The Trial Court Did Not Err in Its Instruction to the Jury During Their Deliberations

Drury next argues that reversible error occurred when the trial court failed to instruct the jury according to RCr 9.57(1). After approximately thirty minutes of deliberation, the jury sent a note to the judge that read: "Never proved amount of hummer (sic). Can not (sic) Agree on Count 1." The judge held a bench conference with counsel and expressed his frustration that the jury was not following the court's instructions. The judge stated that he intended to tell the jury that it had received all the evidence it would receive and that it was their duty to follow the instructions and deliberate. Defense counsel asked whether it was an "*Allen* charge" situation, and in response the judge stated that there are no *Allen* charges in Kentucky and that he would not give the jury a dynamite charge.[1] In response, defense counsel said "okay."

---

[1] "Prior to the adoption of RCr 9.57 . . . the trial judges of this Commonwealth were afforded substantial discretion as to how to instruct a deadlocked jury, so long as the instruction did not attempt to coerce the jury or indicate the judge's own opinion as to the verdict. Most trial judges used the so-called 'Allen charge,' *see Allen v. United States*, 164 U.S. 492, 17 S. Ct. 154, 41 L. Ed. 528 (1896) . . . ." *Commonwealth v. Mitchell*, 943 S.W.2d 625, 626 (Ky. 1997) (citations omitted).

While Drury's counsel expressed confusion with the court's refusal to deliver an *Allen* charge, the judge proceeded to outline what he intended to tell the jury. After the judge stated his intentions, defense counsel again said "okay." Before proceeding, the judge asked Drury's counsel and counsel for the Commonwealth if they had any suggestions on what to do and no suggestions were given.

At that point, the judge brought the jury back into the courtroom and delivered the following statement:

> Ladies and gentlemen, I have received from the bailiff what was purported to me to be a question. It is not a question. You have received all of the evidence you are going to receive in connection with this case. You have received my instructions of law. You are to read those instructions carefully. You are to comply with my instructions and follow them and retire and deliberate in accordance with my instructions.

Drury did not object to this jury instruction.

While formal exceptions are unnecessary, "RCr 9.22 requires a party to make 'known to the court the action he desires the court to take or his objection to the action of the court.'" *Cash v. Commonwealth*, 892 S.W.2d 292, 295 (Ky. 1995), *quoting West v. Commonwealth*, 780 S.W.2d 600, 602 (Ky. 1989). Since there was no objection, the issue is unpreserved and thus reviewed for palpable error. RCr 10.26.

Palpable error review requires reversal when "manifest injustice has resulted from the error." *Elery v. Commonwealth*, 368 S.W.3d 78, 98 (Ky. 2012). In determining whether there has been manifest injustice, the Court focuses "on what happened and whether the defect is so manifest, fundamental

10

and unambiguous that it threatens the integrity of the judicial process." *Martin v. Commonwealth*, 207 S.W.3d 1, 5 (Ky. 2006).

RCr 9.57(1)[2] outlines the elements which should be included in an instruction to a deadlocked jury regarding the desirability of reaching a verdict. *Mitchell*, 943 S.W.2d at 627. Generally, on review of a trial court's statements to a deliberating jury, "[w]e must ultimately determine whether the trial court's statement actually forces an agreement, or whether it merely fosters thorough jury deliberation that results in an agreement." *Gray v. Commonwealth*, 480 S.W.3d 253, 272 (Ky. 2016). Here, our focus is somewhat different because Drury complains that the trial court erred in not giving the jury an instruction pursuant to RCr 9.57(1). We disagree.

In *Martin v. Commonwealth*, 170 S.W.3d 374, 383 (Ky. 2005), the jury wrote a note to the judge stating it "could not come to a unanimous vote" on one of the charges and asked for further instruction. At that juncture, the jury

---

[2] (1) If a jury reports to a court that it is unable to reach a verdict and the court determines further deliberations may be useful, the court shall not give any instruction regarding the desirability of reaching a verdict other than one which contains only the following elements:
(a) in order to return a verdict, each juror must agree to that verdict;
(b) jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;
(c) each juror must decide the case, but only after an impartial consideration of the evidence with the other jurors;
(d) in the course of deliberations, a juror should not hesitate to reexamine his or her own views and change his or her opinion if convinced it is erroneous; and
(e) no juror should surrender his or her honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors, or for the mere purpose of returning a verdict.

11

had been deliberating for less than an hour and it was the jury's first question submitted to the court. *Id.* This Court held that "the trial judge properly ordered the jury to return to continue deliberations" given the brief amount of time the jury had spent in deliberations and that the jury was only divided, not deadlocked. *Id.*

Drury's case is similar to *Martin*. The jury had deliberated for a brief amount of time when it sent its first written question to the judge – less than thirty minutes. Moreover, the jury did not indicate that it was deadlocked, only that it could not agree. Faced with a divided jury, the judge did not err in concluding that an RCr 9.57(1) instruction was not necessary.

Finally, RCr 9.57(1) provides that the trial court shall decide whether "further deliberations may be useful" based on the circumstances apparent to the judge at that point in time. *Mitchell*, 943 S.W.2d at 627. Given that the jury in Drury's case had been deliberating for less than thirty minutes, it was reasonable for the judge to determine that further deliberations could aid the jury in reaching a decision and to give the previously quoted instruction. In *Mills v. Commonwealth*, we held that "a response by the trial court to a question by the jury after it has begun to deliberate only results in error if the comment is in fact coercive." 996 S.W.2d 473, 493 (Ky. 1999), *overruled on other grounds by Padgett v. Commonwealth*, 312 S.W.3d 336 (Ky. 2010). In its statements to the jury after receiving the note, the trial court simply reiterated the jury's duty and that it had all the evidence it would receive in the case. These statements merely fostered deliberation that eventually resulted in a

12

verdict. *Gray,* 480 S.W.3d at 272. "[W]e have long held that statements which merely impress upon the jury the propriety and importance of coming to an agreement do not rise to the level of reversible error." *Mitchell,* 943 S.W.2d at 628.

The trial court did not err in responding to the jury's question. Because there was no error, there certainly was no palpable error.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's conviction and sentence.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Samuel N. Potter
Assistant Public Advocate
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Office of Criminal Appeals

13