Tate Lee PATTERSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 18, 1981.

Discretionary Review Denied April 13, 1982.

**74**

Frank W. Heft, Jr., Jefferson Dist. Public Defender, Louisville (Daniel T. Goyette, Chief Deputy Public Defender, Louisville, of counsel), for appellant.

Steven L. Beshear, Atty. Gen., Eileen Walsh, Asst. Atty. Gen., Frankfort, for appellee.

Before WHITE, GANT and HOWERTON, JJ.

WHITE, Judge.

Tate Lee Patterson appeals from a Jefferson Circuit Court judgment imposing a ten-year sentence upon a jury conviction for first degree burglary.

The facts as relevant to the issues raised on appeal are that a stereo speaker was taken from the Cohron residence. A toboggan hat found at the scene was identified by the Cohron children as belonging to Patterson. During police questioning, one William Jewell also implicated Patterson in the burglary. Determining that Patterson was at a third party's residence, the police proceeded to that address and, with probable cause, arrested him without a warrant.

After being advised of his *Miranda* rights, appellant gave an incriminating statement. At trial his motion to find the warrantless arrest illegal and to suppress the statement as a result of that alleged illegal arrest was overruled.

The issue framed for appeal is that with neither search nor arrest warrant the police were without authority to enter a third party's residence to arrest Patterson. *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), holds that the relationship between an illegal arrest and a subsequent incriminating statement is not broken by the giving of *Miranda* rights. Consequently, it is urged that the lower court erred in failing to suppress Patterson's statement.

■ An arrest is the seizure of a person. It is by preference or practice that a warrant is used for such; there is no Constitutional requirement. Nevertheless, an arrest is held reasonable under Fourth Amendment standards only if there was probable cause to believe both that a crime was committed and that the arrested party did it.

The Supreme Court in *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), rejected warrantless arrests in one's own home on the grounds of the sanctity and privacy of an individual's residence. Further, *Steagald v. U. S.*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981), has held that with only an arrest warrant and not a search warrant the police cannot search a third party's home for the suspect.

For purposes of this opinion, however, it is important to emphasize that *Steagald* addressed the rights of the third party home owner to be free from warrantless entry. It in no way extended the right to assert that Fourth Amendment privilege to a suspect upon the premises.

In light of *Steagald* we do not question that had DeSpain (at whose house Patterson was arrested) asserted a Fourth Amendment claim, the police could have been precluded from entry into that residence to search for Patterson. Also, we do not challenge that under *Payton* a warrant would have been required prior to an arrest in his own home. However, we decline to combine the effect of these two holdings to give *Patterson* standing to assert a Fourth Amendment claim regarding the DeSpain

residence. He had no interest in that home beyond his mere presence therein, and that is an insufficient basis for an assertion of Constitutional protection.

■ Furthermore, the facts in this case are not clear. It is known that the police apprehended Patterson at the DeSpains. However, it is not made known how entry into the house was effected or if the officer did indeed go beyond the entrance itself. From the record before us it is quite possible that DeSpain did grant consent for police entry (always a valid substitute for a warrant). DeSpain was not a witness to testify otherwise, nor did appellant urge that such did not occur.

Under the facts with which we have been presented, the police having located Patterson at DeSpain's and having been given probable cause (by Jewell) that Patterson was involved in the Cohron burglary, we affirm the Jefferson Circuit Court's holding that the warrantless arrest was properly effectuated.

Patterson also argues that the lower court breached Constitutional due process by not giving upon request an instruction on the burden of proof required in a criminal prosecution. The jury was instructed that upon all elements of the charge that it believe from the evidence guilt beyond a reasonable doubt. Additionally it was told that:

> The law presumes a defendant to be innocent of a crime, and the indictment shall not be considered as evidence or as having any weight against him. You shall find the defendant not guilty unless you are satisfied from the evidence alone, and beyond a reasonable doubt, that he is guilty. If upon the whole case you have a reasonable doubt that he is guilty, you shall find him not guilty.

■ The Commonwealth's burden of proof is to establish guilt beyond reasonable doubt; however, appellant suggests that without a specific instruction delineating such, a jury could be unaware that it is the prosecution's responsibility. We cannot accept this underestimation of a jury's reasoning abilities.

The jury is clearly and forthrightly told that the law presumes the defendant to be innocent of the crime. *Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978). It is beyond our ken that a juror could draw any conclusion other than that it is the responsibility of the Commonwealth to overcome that presumption.

It does not require a specially trained legal mind to comprehend the effect of a presumption; it is a commonplace term: Presumptions are conclusive unless successfully rebutted. There are only two parties involved in a criminal action: the defendant and the Commonwealth. The defendant enters the courtroom with the presumption of innocence. Upon whom other than the Commonwealth could the responsibility for overcoming this presumption fall?

It is entirely unreasonable to believe that a juror, without benefit of a burden of proof instruction, could conclude other than that it is for the Commonwealth to bear this obligation. It is clearly evident through the presumptions of innocence and reasonable doubt instructions upon whom the burden lies without the need for a specific, separate instruction.

For all the aforementioned reasoning, the judgment of the Jefferson Circuit Court is affirmed.

All concur.