RENDERED: JUNE 16, 2016
TO BE PUBLISHED

*Supreme Court of Kentucky*

2014-SC-000447-MR

KEVIN B. HERP                                                      APPELLANT

ON APPEAL FROM JEFFERSON CIRCUIT COURT
V.            HONORABLE JAMES M SHAKE, JUDGE
NO. 12-CR-001316

COMMONWEALTH OF KENTUCKY                                          APPELLEE

## OPINION OF THE COURT BY CHIEF JUSTICE MINTON

### REVERSING AND REMANDING

A circuit court jury convicted Kevin Herp of two counts of first-degree sodomy and two counts of first-degree sexual abuse. The trial court sentenced him to seventy years' imprisonment. He appeals the resulting final judgment to this court as a matter of right[1], alleging errors relating to the amendment of the indictment and the content of the jury instructions denied him a fair trial. Because we conclude the trial court abused its discretion in refusing to grant a continuance after allowing amendment of the indictment at the beginning of trial, we reverse and remand this case to the trial court.

### I. FACTUAL AND PROCEDURAL BACKGROUND.

Herp's criminal charges derive from accusations of inappropriate sexual conduct from his nephew. In 2011, the nephew reported to the police that

---

[1] Ky.Const. § 110(b)(2).

Herp had molested him over twenty years earlier, around when he was a child of eight or nine years old. In an interview with law enforcement, the nephew recounted the contact began with Herp brushing his hands on the nephew's genitals, and eventually led to masturbation, mutual masturbation, and oral sex. The nephew's decision to go to the police after such a long period of time stemmed from Herp's recent move back to Kentucky, and the nephew's desire to prevent his uncle from abusing another child.

Herp was indicted on two counts of first-degree sodomy (class A felony) and two-counts of first-degree sexual abuse (class D felony). The indictment detailed that the conduct in question occurred sometime between February 18, 1987 and February 17, 1989.

On the opening day of trial nearly two years after indictment, the Commonwealth moved to amend all charges in the indictment to include an additional year in which the crimes may have occurred. So under the amended indictment, the applicable period became between February 18, 1987, and February 17, 1990. Herp objected to the modification. The trial court overruled his objection and allowed the amendment. Herp then moved for a one-week continuance, which the trial court denied. The trial court also denied a similar motion for a two-day continuance.

The jury convicted Herp of all charges. It recommended a thirty-five year sentence for each sodomy offense and a five-year sentence for each sexual abuse charge. The sentences were recommended to be served consecutively for an eighty year total sentence. At final sentencing, the trial court reduced the jury's recommendation to the maximum seventy-year sentence with no possibility of parole for twenty years.

2

## II. ANALYSIS.

Herp presents two claims of error for our review. First, he contends that the trial court erred in allowing the Commonwealth to amend the indictment, or in denying his motion for a continuance. Second, he claims that the trial court submitted improper instructions to the jury that inadequately reflected the Commonwealth's burden of proof. We will address each issue in turn.

### A. The Amended Indictment and Denial of Motions for Continuance.

Herp's first claim before us is that the trial court erred in allowing the Commonwealth to add an additional year to the range of time charged in the indictment, or, alternatively, the trial court erred in denying his motions for a continuance. Under the Kentucky Rules of Criminal Procedure (RCr), a criminal defendant is entitled to an indictment or information containing a "plain, concise and definite statement of the essential facts constituting the specific offense with which the defendant is charged."[2] The rules also provide that the court may permit an indictment to be amended at any time before verdict if "no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced."[3] But in instances where amendment is permitted, the court shall grant a continuance "if justice requires."[4]

The rules expressly declare that the decision to allow the amendment of an indictment is within the sound discretion of the trial court. So we will review this decision in Herp's case under the abuse-of-discretion standard, and we

---

[2] RCr 6.10 (specifying the requirements of an indictment or information).

[3] RCr 6.16.

[4] *Id.*

3

will not disturb the amendment absent a finding that the trial court's ruling was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[5] And the same standard applies to a trial court's decision to grant or deny a continuance in a criminal case.[6]

Indictment amendments to include an enlargement of time for the commission of the offense are not new to this Court. Often times, such amendments are proposed for reasons similar to this case—some offenses may have occurred in the distant past and the prosecution simply wishes to put forth an accurate timeline of when, roughly speaking, the events may have occurred.

In *Gilbert v. Commonwealth*, we allowed the prosecution to amend the date of a defendant's alleged sexual misconduct with his stepdaughters from the summer of 1985 to the summer of 1986.[7] We held that such an amendment is not error when a defendant "did not base his entire defense on a mix up in dates" and was not "surprised or misled" by the amendment.[8] And we have repeatedly endorsed the position that the date of the occurrence of an alleged offense can be changed by the amendment.[9] We think much of the reasoning in *Gilbert* may be aptly applied to Herp's case.

---

[5] *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

[6] *See* RCr 9.04. *See also Hunter v. Commonwealth*, 869 S.W.2d 719, 720-21 (Ky. 1994) ("It is quite settled that whether to grant a motion for continuance is well within the sound discretion of the trial court.") (internal citations omitted).

[7] 838 S.W.2d 376, 377 (Ky. 1991).

[8] *Id.* at 378.

[9] *See Stephens v. Commonwealth*, 397 S.W.2d 157 (Ky. 1965) and *Anderson v. Commonwealth*, 63 S.W.3d 135 (Ky. 2001).

In addition to no reliance on the date of offense in presenting a defense, the *Gilbert* Court was also relatedly motivated by the defendant's total denial of misconduct altogether.[10] So when no-date-specific defense is mounted—when the defendant denies liability at any time—and when the specific dates are not essential to the defense in the case, we did not consider amending the indictment prejudicial. Like *Gilbert*, Herp is on trial for a sex crime, and he denies any inappropriate behavior. But perhaps most importantly, the nature of his alleged offense has not changed, and the amendment imposes no additional criminality than he has faced throughout the entire criminal-trial process. And he has offered no evidence that his defense is dependent on specific dates.

The indictment is intended to serve as a "plain, concise and definite statement of the essential facts constituting the specific offense with which the defendant is charged." The amendment does nothing to change that, and we are confident there is no undue prejudice to Herp's capacity to defend himself of the charges. So we must conclude that the trial court did not abuse its discretion in allowing the Commonwealth to amend the indictment.

Although Herp takes issue with the trial court's allowing the amendment, to be sure, his real complaint appears to be the court's refusal to allow him a continuance in light of the amendment. He twice moved for a continuance with the trial court—first seeking a one-week continuance and later backing down to a two-day request. Similar to a petition to amend an indictment, the decision to

---

[10] *Gilbert*, 838 S.W.2d at 378 ("he also denied any sexual impropriety with the victims").

grant or deny a continuance is one of judicial discretion,[11] and subject to the abuse-of-discretion standard of review.[12]

RCr 6.16 provides: "The court may permit an indictment...to be amended *any time before verdict* or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced. *If justice requires, however, the court shall grant the defendant a continuance when such an amendment is permitted.*"[13] In *Snodgrass v. Commonwealth*, we articulated seven factors to aid trial courts in determining whether to grant a motion for a continuance.[14] In reviewing a timely motion, a court should consider:

1. The length of delay;
2. Whether there have been any previous continuances;
3. Inconvenience to litigants, witnesses, counsel, and the court;
4. Whether the delay is purposeful or caused by the accused;
5. The availability of other competent counsel;
6. The complexity of the case; and
7. Whether denying the continuance will lead to identifiable prejudice.[15]

We also made clear that the appropriateness of a continuance depends on the unique facts and circumstances of the case.[16] Although Herp presented an argument implicating all seven factors, the only true issue before us today is

---

[11] RCr 9.04 ("The court, upon motion and sufficient cause shown by either party, *may* grant a postponement of the hearing or trial.") (emphasis added).

[12] *See English*, supra. *See also Bartley v. Commonwealth*, 400 S.W.3d 714, 733 (Ky. 2013) (denial of motion for continuance does not provide grounds for reversing a conviction "unless that discretion has been plainly abused and a manifest injustice has occurred").

[13] (emphasis added).

[14] 814 S.W.2d 579 (Ky. 1991).

[15] *Id.* at 581.

[16] *Id.* (referring to *Ungar v. Sarafite*, 376 U.S. 575 589 (1964)).

whether the trial court's decision to deny the continuance caused identifiable prejudice. And we hold that it did.

It is absolutely and unequivocally established that a constitutionally effective criminal defense requires trial counsel reasonably to investigate the circumstances of the alleged crime. "This Court has recognized the necessity for complete investigation by defense counsel."[17] Herp's trial counsel was not excused from that duty and Herp's right to effective counsel is not relegated to a lesser standard of representation simply because the Commonwealth suddenly discovered a potential problem with its proof.

Herp's defense counsel first requested a continuance of one week so that he could reasonably investigate the whereabouts of his client and the putative victim during the newly added year of potential culpability. After that request was denied, counsel renewed the request for a postponement, asking for only two days. An effective defense requires, at least, an investigation of the newly revealed circumstances thorough enough to allow counsel to make a reasoned and deliberate determination whether further investigation is necessary to develop a defense that may apply to the new circumstances. The failure to do so is ineffective representation, a constitutional deficiency that is not cured simply because counsel's failure to investigate was forced upon the defendant

---

[17] *Haight v. Commonwealth*, 41 S.W.3d 436, 446 (Ky. 2001) (overruled on other grounds by *Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009)). *See also Commonwealth v. Tigue*, 459 S.W.3d 372, 394 (Ky. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 691 (1984)) ("While the duty to investigate is not absolute, a less-than-complete investigation may be supported only by a reasoned and deliberate determination that further investigation is not warranted. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.").

7

by the Commonwealth's dilatory discovery of the facts and its opposition, sustained by the trial court, to a modest delay of two days.

More than 8,770 days passed between the last possible date of Herp's alleged crimes and the beginning of his trial. More than 7,900 days passed before Herp's nephew even reported the alleged crimes. All the defense counsel asked for was two days to do what we say he is required to do: investigate to determine if a plausible defense can be asserted. Justice required that Herp's trial counsel be afforded that modest opportunity to carry out his duty to provide effective assistance. Justice required that a prosecution deferred for more than two decades could stand to wait two more days, and refusal to grant that request was an abuse of the trial court's discretion. We accordingly reverse and remand to the trial court for further proceedings consistent with this opinion.

We will now examine Herp's other issue on appeal for error capable of repetition in the event of retrial.

**B. The Jury Instructions.**

For Herp's second claim of error below, he contends that the jury instructions improperly verbalized the Commonwealth's burden of proof. The instructions used in this case told the jury "You will find the Defendant, KEVIN B. HERP, guilty under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt, all of the following..." Herp contends that a proper instruction should read: "You will find Kevin Herp not guilty...unless you believe from the evidence alone and beyond the reasonable doubt all of the following..." Although the decision to instruct the jury on a specific claim is

8

committed to the trial court's discretion, the content of a jury instruction is an "issue of law that must remain subject to de novo review by appellate courts."[18]

As his primary argument, Herp asserts that his proposed jury instructions closely tracked the model instructions framed by Justice William Cooper in his treatise on instructions to juries. And indeed, Cooper's treatise does choose to frame model instructions under the "not guilty unless" structure as opposed to the "guilty if" method used by the trial court in this case.[19] Cooper favored his method because he considered this instruction both to "properly allocate the burden of proof at the outset of instructions" and to give the jury advance notice of its options.[20] But we have faced this precise argument before in unpublished decisions and found the competing instructions logically equivalent. And we reiterate that statement today.

To us there is no logical difference between the two instruction structures. It is rationally equivalent to say that one may not be guilty absent proof of all the elements beyond a reasonable doubt, or that one may be guilty if each element is proven beyond reasonable doubt. Essentially, the Cooper instruction is something of a contrapositive to the instruction used in this case. Herp seems implicitly to make this connection as well; in briefing he asserts that his preferred way is the *best way* to convey the concept of the presumption of innocence. That may indeed be true, but the best way to instruct a jury is not the question before this Court. Rather, it is our task to

---

[18] *See Sargent v. Shaffer*, 467 S.W.3d 198, 204 (Ky. 2015).

[19] Cooper and Cetrulo, Kentucky Instructions to Juries, Criminal §§ 2.01A-2.01D (2006).

[20] *Id.* (comment).

9

determine whether the trial court accurately stated the law in the instructions to the jury. And normative considerations aside, we cannot say the form of the instructions was incorrect.

After briefs were filed in this case, Herp moved this Court seeking leave to cite additional authority and to correct his brief. Particularly, he sought to include our recent holding in *Rodgers v. Commonwealth*[21] as a point of authority in this argument. We grant the motion and consider his argument. Facing a nearly identical jury-instruction argument, we held that "the two formulations are logically equivalent, and whatever may be their rhetorical difference, if any, the 'guilty...if and only if' version adequately conveys to the jury the conditions the Commonwealth's proof must satisfy to authorize a guilty verdict."[22] Although Herp tries to make factual differences material distinctions, there is nothing in *Rodgers* to suggest the trial court improperly instructed the jury in the present case.

Herp tangentially attempts to distinguish the logical identity and our prior rulings on this matter by also critiquing the separate instruction on the presumption of innocence. The United States Supreme Court held that failure to instruct the jury on the presumption of innocence can result in a violation of due process of law[23], although there are doubts to whether that entails a separate explicit instruction detailing that legal standard under Kentucky law.[24] But in this case, the trial court tracked Cooper's presumption-of-

---

[21] 285 S.W.3d 740 (Ky. 2009).

[22] *Id.* at 760.

[23] *See Taylor v. Kentucky*, 436 U.S. 478 (1978).

[24] *See Patterson v. Commonwealth*, 630 S.W.2d 73, 75 (Ky.App. 1982). This is a Court of Appeals opinion that has received relatively little attention over the past three

10

innocence definition as "Instruction No. 6" to the jury. This is also the exact language found in RCr 9.56(1).[25] The trial court used an instruction expressly endorsed by this Court[26], and Herp is left only to argue that its placement at the end of instructions and difference in logical structure from the other instructions confused the jury.

We have no reason to conclude that placing the presumption-of-innocence standard in Instruction No. 6, as opposed to Instruction No. 1 makes the jury any less aware of the high evidentiary standard imposed on the Commonwealth. And we are even more skeptical that use of "not guilty" in the presumption instruction simultaneous with the "guilty" standard when instructing on the substantive offenses resulted in prejudice to Herp.

In sum, we cannot say the trial court improperly instructed the jury to the level of reversible error.

### III.      CONCLUSION

For the foregoing reasons, we grant Herp's motion to file additional authority and correct his brief, and finding an abuse of discretion in refusing to allow him a continuance, reverse and remand his case for further proceedings.

All sitting. All concur.

---

decades, but nonetheless remains as valid precedent at the trial and intermediary appellate level.

[25] "You shall find the defendant not guilty unless you are satisfied from the evidence alone, and beyond a reasonable doubt, that he is guilty."

[26] *See Mills v. Commonwealth*, 996 S.W.2d 473 (Ky. 1999).

11

COUNSEL FOR APPELLANT:

Daniel T. Goyette
Bruce P. Hackett
Office of the Louisville Metro Public Defender


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

Perry Thomas Ryan
Assistant Attorney General of Kentucky